**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BATES,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>KASHI COMPANY, a California corporation; KELLOGG COMPANY, a Delaware corporation; DAVID DENHOLM, DAVID DESOUZA; and DOES 1-100,<br><br>　　　　　　　Defendants. | CASE NO. 11-CV-1967-H (BGS)<br>11-CV-2256-H (BGS)<br>11-CV-2285-H (BGS)<br>11-CV-2356-H (BGS)<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT CONSOLIDATE CASES** |

On August 24, 2011, Plaintiff Michael Bates filed a class action complaint against Defendants Kashi Company, Kellogg Company, David Denholm and David Desouza. (Doc. No. 1.) Subsequently, several other individual plaintiffs filed similar suits, purporting to represent a nationwide class of consumers who purchased Kashi products containing artificial and synthetic ingredients.[1] The cases have been transferred to this Court pursuant to the Local Civil Rule 40.1(e), but have not been consolidated.[2]

---

[1] See Diaz v. Kashi Company et al., 11-CV-2256; Chatham v. Kashi Company et al., 11-CV-2285; Sethavanish et al. v. Kashi Company, 11-CV-2356.

[2] On October 12, 2011, another case, Baisinger v. Kashi Company et al., 11-CV-2367-JM (JMA), was filed, but has not yet been transferred to this Court.

Counsel of record for Plaintiff in <u>Diaz v. Kashi</u>, 11-CV-2256, submitted to the Court in this case a motion for consolidation and for appointment of lead interim counsel.  The motion is not properly before the Court.[3]  First, the Court notes that the motion was not electronically filed as required by the Local Civil Rule 5.4(a).  Additionally, Tamara Diaz, the Plaintiff in that action, is not a party to this case, as the cases have not been consolidated.

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications.  See <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998).  Where two or more related actions present the same factual and legal issues, consolidation provides that the cases proceed under a single case number.

Here, the related cases involve common questions of fact and law.  Accordingly, the Court issues this **ORDER TO SHOW CAUSE** as to why the cases should not be consolidated.  Any party opposing consolidation must file a response to this Order no later than **November 14, 2011**.  No motions for appointment of interim class counsel may be filed until after the Court consolidates the cases.

**IT IS SO ORDERED.**

DATED: October 19, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

Counsel of record in <u>Diaz v. Kashi Company et al.</u>, 11-CV-2256; <u>Chatham v. Kashi Company et al.</u>, 11-CV-2285; <u>Sethavanish et al. v. Kashi Company</u>, 11-CV-2356; and <u>Baisinger v. Kashi Co.</u>, 11-CV-2367.

---

[3] The motion indicates a hearing date of November 28, 2011. The Court vacates the hearing date on the motion, and directs counsel to follow the Local Civil Rules and the Electronic Case Filing Administrative Policies and Procedures in all future filings with this Court.