**STEMBER FEINSTEIN DOYLE
& PAYNE, LLC**
Joseph N. Kravec, Jr. (admitted *pro hac vice*)
Wyatt A. Lison, Esquire (*pro hac* to be filed)
Maureen Davidson-Welling (*pro hac* to be filed)
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
Telephone:  (412) 281-8400
Facsimile:  (412) 281-1007
Email:  jkravec@stemberfeinstein.com
         wlison@stemberfeinstein.com
         mdavidsonwelling@stemberfeinstein.com

**FARUQI & FARUQI, LLP**
Vahn Alexander (167373)
Christopher B. Hayes (277000)
1901 Avenue of the Stars, Second Floor
Los Ángeles, CA  90067
Telephone:  (310) 461-1426
Facsimile:  (310) 461-1427
Email:  valexander@faruqilaw.com
         chayes@faruqilaw.com

(Additional Counsel on Signature Page)

*Proposed Interim Co-Lead Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATES and VANESSA GIBSON,<br><br>                      Plaintiffs,<br><br>vs.<br><br>KASHI COMPANY, et al.,<br><br>                      Defendants. | CASE NO.:  11-CV-1967-H (BGS)<br><br>**CLASS ACTION**<br><br>**JOINT PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED.R.CIV.P. 23(g) AND FOR ENTRY OF PRETRIAL ORDER NO. 1;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  January 17, 2012<br>TIME:   10:30 a.m.<br>CTRM: 13<br>JUDGE: Honorable Marilyn Huff |

1    PLEASE TAKE NOTICE that on January 17, 2012 at 10:30 a.m., or as soon thereafter as
2 counsel may be heard by the above-referenced court, located at Courtroom 13, 940 Front Street, San
3 Diego, California, 92101, pursuant to Rule 23(g) of the *Federal Rules of Civil Procedure* ("Rule
4 23(g)"), plaintiffs Kimberly S. Sethavanish, James Colucci, Skye Astiana, Rosaclaire Baisinger,
5 Tamara Diaz, and Joe Chatham (collectively "Joint Plaintiffs") will, and hereby do, move this Court,
6 for an order appointing Stember Feinstein Doyle & Payne, LLC and Faruqi & Faruqi, LLP, as
7 interim co-lead counsel for *Bates v. Kashi Co., et al.*, 11-cv-1967-H (BGS); *Diaz v. Kashi Co., et al.*,
8 11-cv-2256-H (BGS); *Chatham v. Kashi Co., et al.*, 11-cv-2285-H (BGS); *Sethavanish, et al. v.*
9 *Kashi Company*, 11-cv-02356-H (BGS); and *Baisinger v. Kashi Company,* 11-cv-02367-H (BGS)
10 (collectively the "Consolidated Actions") consolidated by this court on November 28, 2011 and any
11 action hereinafter consolidated, and for the entry of Pretrial Order No. 1 separately submitted
12 pursuant to this Court's local rule.
13    This Motion is brought pursuant to Rule 23(g) and made on the grounds that appointing
14 interim co-lead counsel provides the most efficient manner of proceeding with the litigation and is in
15 the best interest of the putative class.
16    This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum
17 of Points and Authorities in Support of Joint Plaintiffs' Motion to Appoint Interim Co-Lead Counsel
18 Pursuant to Fed. R. Civ. P. 23(g) and for Entry of Pretrial Order No. 1, the Proposed Order
19 submitted herewith, the accompanying declarations of counsel, and such argument and further filings
20 and evidence as this Court may receive on this Motion.

1

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1,
Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

Joint Plaintiffs hereby respectfully submit their Memorandum of Points and Authorities in support of their "Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g) and for Entry of Pretrial Order No.1" (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 28, 2011, this Court consolidated five (5) separate consumer class actions involving "All Natural" claims on Kashi Company ("Kashi") food products. Now that these actions have been consolidated, Plaintiffs seek the appointment of interim co-lead counsel for the Consolidated Actions filed and any subsequently filed actions against Kashi, Kellogg Company ("Kellogg"), David Denholm ("Denholm") and David Desouza ("Desouza") (collectively "Defendants").

Joint Plaintiffs represent four (4) of the five (5) Consolidated Actions, and have counsel from seven (7) different law firms representing them. Moreover, Joint Plaintiffs believe a streamlined leadership of two (2) interim co-lead counsel is needed to efficiently prosecute these Consolidated Actions, and collectively propose Stember Feinstein Doyle & Payne, LLC ("Stember") and Faruqi & Faruqi, LLP ("Faruqi") (hereafter collectively "Proposed Interim Co-Lead Counsel") be appointed interim co-lead counsel.

As explained below, the Proposed Interim Co-Lead Counsel should be appointed because they collectively:

- Have the knowledge and experience to lead this action as they have prosecuted the same claim against other food manufacturers alleging the same or similar causes of action as in the current action;

- have litigated other food mislabeling cases, including having recently certified a nationwide class in one such case, and settled on behalf of a nationwide class obtaining full relief to class members in another;

- have years of experience successfully litigating complex and class action cases against some of the largest companies in the country, representing millions of consumers and obtaining billions of dollars in recovery for their classes;

2

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

- have extensively investigated the facts and circumstances and developed claims at issue herein over the past year;

- have brought these claims to light *first* by virtue of their pre-litigation Consumer Legal Remedies Act ("CLRA") demand letter served on Kashi some five (5) months before any other CLRA letter was served or complaint filed.[1]

For these reasons, and those stated in greater detail below, based on the Manual for Complex Litigation (the "Manual") and Rule 23(g) of the Federal Rules of Civil Procedure Joint Plaintiffs respectfully request that the Court appoint Stember and Faruqi as interim co-lead counsel as they are best qualified to represent the proposed class in pursuing these claims against Defendants.

In addition, Joint Plaintiffs respectfully request that the Court enter their proposed Pre-Trial Order No. 1 separately submitted, which appoints Proposed Interim Co-Lead Counsel, specifies their areas of responsibility, provides for the filing of a single consolidated amended complaint to eliminate the multiplicity of complaints the parties must litigate, and addresses any subsequently filed actions.

## II. BACKGROUND

Plaintiffs Kimberly S. Sethavanish, James Colucci and Skye Astiana filed their action against Kashi in the Northern District of California on September 7, 2011 on behalf of a nationwide class of consumers, after having sent a pre-litigation CLRA demand letter to Kashi on March 22, 2011, some five (5) months before any of the Consolidated Actions were filed. Plaintiffs in *Sethavanish* allege Kashi violated California statutory and common law by labeling its products as "All Natural" despite containing synthetic ingredients. *See Sethavanish* Complaint, ¶¶ 45-90.[2] Plaintiffs in *Sethavanish* filed their action against Kashi after their counsel's extensive investigation preceding three similar actions filed against food manufacturers in the past year, *Thurston, et al. v. Conopco, Inc.*

---

[1] *See* California Civil Code §1782.

[2] All "¶" references are to the *Sethavanish* complaint unless otherwise indicated. Further, at all times emphasis is added and citations are omitted unless otherwise stated.

3

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

1  ("*Thurston*"), Case No. 10-cv-4937 PJH (N.D.Cal. filed November 2, 2010), *Astiana v. Ben &*
2  *Jerry's Homemade, Inc.* ("*Ben & Jerry's*"), Case No. 10-cv-04378 PJH (N.D.Cal. filed September
3  29, 2010), *Astiana v. Dreyer's Grand Ice Cream, Inc.* ("*Dreyer's*"), Case No. 11-cv-02910 EMC
4  (N.D.Cal. filed June 14, 2011), and counsel's further investigation into the specific conduct by Kashi
5  which included sending Kashi a CLRA demand letter as contemplated by California Civil Code
6  §1782 in an attempt to resolve this matter before filing their Complaint.  *See* Declaration of Joseph
7  N. Kravec, Jr. filed in support of the Motion ("Kravec Decl."), ¶5.

8  However, Kashi never responded to *Sethavanish* counsel's March 22, 2011 CLRA demand
9  letter despite several attempts to engage in good faith discussions with Kashi in an effort to resolve
10 the matter without resorting to litigation as encouraged by the CLRA.  Only after exhausting the pre-
11 litigation process was the *Sethavanish* Complaint filed in the Northern District of California on
12 September 7, 2011.  In the interim, *Bates* filed her action in the Southern District of California on
13 August 24, 2011.

14 Following the filing of the *Sethavanish* action, Plaintiffs Rosaclaire Baisinger, Tamara Diaz,
15 and Joe Chatham each filed separate actions in the Northern and Southern Districts of California on
16 September 15, 2011, September 28, 2011 and October 3, 2011 respectively, alleging similar causes
17 of action against Kashi and seeking to represent similar classes.  Each of these actions was filed after
18 their respective counsels' analyses of the issues raised by Defendants' "All Natural" labeling and the
19 relevant laws.

20 Moreover, as in *Sethavanish*, plaintiffs' counsel in the *Diaz* and *Chatham* actions conducted
21 an extensive investigation into the nature of the ingredients in Defendants' products, and determined
22 which Kashi food products contained synthetic or overly processed substances.  These investigative
23 efforts allowed counsel to identify, develop and demonstrate the claims alleged in the *Diaz* and
24 *Chatham* complaints.  Subsequent to these investigations, and as noted above, plaintiffs Diaz and
25 Chatham filed two separate actions in the Southern District of California on September 29, 2011 and
26 October 3, 2011, respectively.  *See* Declaration of Nadeem Faruqi filed in support of the Motion
27 ("Faruqi Decl."), ¶¶ 2-3.

28

4

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

On October 4, 2011, counsel in *Diaz* and *Chatham* served and submitted for filing a motion to consolidate each of the Consolidated Actions and to appoint lead counsel. On October 12, 2011, in the interests of the putative class, comity and judicial efficiency, counsel for *Sethavanish* and *Baisinger* voluntarily dismissed their actions in the Northern District of California without prejudice pursuant to Fed. R. Civ. P. 41 and simultaneously re-filed their actions in the Southern District of California so that they could be properly related and consolidated with the *Bates, Diaz, Chatham* and *Baisinger* actions. On October 19, 2011, the Court issued an Order to Show Cause Why the Court Should Not Consolidate Cases (the "OSC"), vacated the hearing date noticed on the October 4, 2011 motion, and directed the parties to file appointment of lead counsel motions after the actions were consolidated. *See Bates*, Doc. 10. Subsequently, the Court consolidated the Consolidated Actions on November 28, 2011. Doc. 16.

Counsel from the undersigned seven (7) law firms representing Joint Plaintiffs who make up four (4) of the five (5) Consolidated Actions, *Sethavanish, Baisinger, Diaz* and *Chatham*, conferred and concluded that appointment of a two (2) person interim co-lead class counsel would enable the litigations to move forward in the most efficient manner and be in the best interest of the putative class.[3] Based on these discussions, the seven (7) firms agreed that the most efficient way to proceed would be through the appointment of two interim co-lead counsel – Stember and Faruqi – two firms that have the knowledge, experience and resources to manage the Consolidated Actions on behalf of their clients and the putative class they seek to represent.

### III. ARGUMENT

#### A. The Court Possesses the Authority and Should Appoint as Interim Co-Lead Counsel Attorneys Who Have the Knowledge, Experience, and Resources to Manage the Action for the Class

This Court possesses broad inherent authority "to control the disposition of the case[s] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North*

---

[3] Counsel for plaintiff in *Bates* declined to take part in any discussions with undersigned counsel for the purpose of agreeing on a leadership structure for the Consolidated Actions going forward.

5

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

*American Co.*, 299 U.S. 248 254 (1936).  Pursuant to Rule 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  It is well established that appointment of lead counsel is appropriate in order to ensure efficient representation in a proposed class action.  *See* 5 J. Moore's Federal Practice, ¶ 402.02[2] (1985)("it is ... within the court's discretion to appoint general or lead counsel whose function is to supervise and coordinate the conduct of the consolidated cases")(*citing Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977)).

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation.  The advantage of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*See MacAlistor v. Guterman*, 263 F.2d 65, 69 (2d Cir. 1958).  The Ninth Circuit is in accord, stating in pertinent part:

> [A]lthough some courts at an earlier time apparently doubted their power to create the role of lead counsel and oversee its filing, ... by the time section 1.92 was added to the Manual for Complex Litigation [First] the authority of the district courts regarding lead counsel was well established.  The authority recognized in *MacAlister* has never been seriously disputed.  Many courts since *MacAlister* have explicitly reaffirmed their authority to appoint lead counsel and have exercised that authority.

*Vincent,* 557 F.2d at 774.

The Manual recognizes the benefit of appointing an appropriate leadership structure of plaintiffs' counsel in complex litigations.  *See* Manual for Complex Litigation, 4th Ed. (2004), § 10.22.  As the Manual states, "[i]nstituting special procedures for coordination of counsel early in the litigation will help avoid … problems [of unnecessary costs and duplication]."  *Id*.  The Manual delineates a number of factors the court should assess when appointing lead counsel, including counsel's qualifications, experience in similar litigations, competence, resources, commitment and ability to command the respect of their colleagues and work cooperatively with opposing counsel.  *Id*., § 10.224.  In 2003, those factors were incorporated into Rule 23(g), a then new rule for appointing lead or interim lead class counsel.  Rule 23(g) further provides that where more than one

6

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

firm moves for appointment as lead counsel, the court is to appoint the counsel or firms "best able to represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(2)(B).

Pursuant to the recommendations of the Manual and the requirements of Rule 23(g), courts look to ensure that those firms or counsel appointed as lead counsel are "qualified and responsible" and that they will fairly and adequately represent all of the parties on their side through efficiency and economy. *See* Manual, §§ 10.221 and 10.22. The factors that the Court is to consider under Rule 23(g)(1)(A) are:

> (i)  The work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) Counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

As demonstrated below, based on each of these factors, Proposed Interim Co-Lead Counsel are the most appropriate choices to serve as interim co-lead counsel.

**1.  Proposed Interim Co-Lead Counsel have done extensive work identifying and investigating the claims at issue**

Proposed Interim Co-Lead Counsel have identified and extensively investigated the "All Natural" claim against Kashi. Joseph N. Kravec, Jr., of Stember, was one of three co-counsel in *Sethavanish* who first brought this claim to light before any of the Consolidated Actions now before this Court were filed. After thoroughly investigating the use of synthetic ingredients sold in Kashi's food products that are labeled "All Natural," counsel for the *Sethavanish* plaintiffs transmitted a letter pursuant to the CLRA (Cal. Civ. Code §1782) on March 22, 2011, more than five (5) months prior to any complaint or CLRA letter of any of the other actions, in an effort to resolve Kashi's alleged wrongdoing without the need for litigation. *See* Kravec Decl., ¶¶ 4-5. However, Kashi never responded to the CLRA letter, despite several attempts in good faith in an effort to resolve the claims in this case as encouraged by the CLRA. Only after those attempts failed to garner any

7

1  response from Kashi did Plaintiffs authorize the filing of the *Sethavanish* action in the Northern
2  District of California on September 7, 2011.

3  Before and subsequent to sending Kashi the CLRA letter, Mr. Kravec and his co-counsel
4  have continued to investigate potential labeling violations by Kashi. Counsel vetted each of Kashi's
5  products for the identity and sources of each product's ingredients, researched federal statutes and
6  regulations regarding the identity and source of the ingredients used by Kashi, and investigated
7  potential claims that could be brought as a result of Kashi's conduct. Stember continues to expend
8  time and energy identify and investigating potential food labeling claims against Kashi on behalf of
9  their clients, including those claims brought in the other Consolidated Actions.

10  Likewise, counsel for plaintiffs in the *Diaz* and *Chatham* actions carried out an extensive
11  investigation of the various "All Natural" claims made by Defendants on Kashi's product labels.
12  This investigation involved an analysis of the synthetic and artificial nature of the ingredients present
13  in Kashi's "All Natural" products, along with research into the purpose of particular food additives.
14  Furthermore, *Diaz* and *Chatham's* counsel collected information from each of their clients regarding
15  their belief as to the "All Natural" labeling on Defendants' products, as well as the individual
16  reasons why they chose to purchase Kashi products. Counsel for *Diaz* and *Chatham* also conducted
17  a thorough review of the available legal documents related to Defendants' business practices and
18  searched publicly available resources to locate and analyze other documents concerning Defendants'
19  products and ingredients, with a particular focus on the health nutrition claims made regarding
20  Kashi's food products.

21  Under such circumstances, Rule 23(g)(1)(A)(i) and case law thereunder favor the
22  appointment of Proposed Interim Co-Lead Counsel as they thoroughly investigated potential claims,
23  initiated the litigation and are working towards a resolution on behalf of the class. *See Walker v.*
24  *Discover Financial Services*, No. 10–cv–6994, 2011 WL 2160889, *3 (N.D.Ill. May 26,
25  2011)(finding the appropriate lead counsel to be the ones who filed the action and worked to identify
26  and investigate potential claims); *Carlin v. Dairyamerica, Inc.*, No. 1:09cv0430 AWI, 2009 WL
27  1518058, *3 (E.D.Cal. May 29, 2009)(finding counsel who did a majority of the preparation work
28

8

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

leading to the filing of an action, including investigation into the alleged misconduct and identification of the legal theory of the case is a factor favoring appointment of lead counsel); *Ehler v. Ipex, Inc.*, No. 08-cv-02220-CMA, 2009 WL 1392075 *2 (D.Colo. May 15, 2009)(finding the appropriate interim lead counsel to be the firms that investigated and identified the potential claims, and were engaged in discussions aimed at resolving the claims on behalf of the putative class); *In re Municipal Derivative Antitrust Litigation*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)(work done by counsel investigating claims and negotiating a settlement with the defendant weighs in favor of their appointment as interim lead counsel under Rule 23(g)).

### 2. Proposed Interim Co-Lead Counsel have extensive experience in handling class and complex actions, particularly the claims asserted in this action

Proposed Interim Co-Lead Counsel collectively and individually have the requisite experience and qualifications to be appointed interim co-lead counsel in the instant case.

#### a. Proposed Interim Co-Lead Counsel have extensively litigated the precise claims at issue in this case against three other food manufacturers, and have ssuccessfully litigated other food labeling and consumer cases

Stember has extensively and successfully litigated several actions on behalf of consumers for misrepresentations on food labels in violation of federal regulations and California laws. *See* Kravec Decl., ¶¶ 7-10. Stember was part of a group of firms that were the first to raise one of the specific issues in this case – *i.e.*, mislabeling a product as "All Natural" when it contains cocoa processed with potassium carbonate or another synthetic alkalizing agent – and has litigated this same issue in three other cases within this Circuit. *See Thurston, supra.*; *Ben & Jerry's, supra; Dreyer's, supra.* Kravec Decl., ¶ 8. In overcoming highly contentious motions to dismiss in *Thurston* and *Ben & Jerry's*, counsel faced nearly every conceivable argument why the use of a synthetic ingredient included in a food product labeled "All Natural" fails to state a cause of action under California law, including that the use of a synthetic ingredient does not violate FDA policies, that the court should abstain from deciding the case in deference to the FDA, that the plaintiffs in those cases lacked standing to bring a claim, that these same claims are preempted by federal law, that the allegations failed to meet Rule 9(b)'s pleading standards, and seeking to strike their class allegations. *See*

9

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

1  *Thurston*, Doc. 23; *Ben & Jerry's*, Doc. 24.  Each of these and other arguments was overcome in
2  having their complaints sustained *in toto*.  *Astiana v. Ben & Jerry's Homemade, Inc.,* No. 10-cv-
3  4387-PJH, 2011 WL 2111796 (N.D.Cal. May 26, 2011).  The investigation and litigation of these
4  cases has also given Stember the knowledge of the law specifically applicable to this case, as is
5  contemplated by Rule 23(g)(1)(A)(iii).

6        In addition to its experience with the specific issues presented in this case and the relevant
7  law, Stember working with their co-counsel in *Sethavanish* has had success litigating other food
8  labeling cases.  *See* Kravec Decl., ¶¶ 9-10.  In *Eisenstat v. Ken's Foods, Inc*., Case No. 2:10-cv-
9  02510-SVW (C.D.Cal. filed April 7, 2010), Stember settled a case on behalf of a nationwide class of
10 consumers who purchased Ken's dressing that bore statements made on the products' labels alleged
11 to be in violation of FDA regulations and unlawful under California law.  *Id*., Doc. 37 (final
12 approval ordered on August 2, 2011).  This settlement provided all class members full relief (*i.e*., a
13 full refund of their entire purchase price for the dressing for every class member who claimed-in),
14 recouped over one hundred percent of the profits Ken's made on the sale of the products in question,
15 and both lead counsel and the settlement were found to be more than adequate for the class.  *Id*.

16       In another class action led by the same counsel, Judge Jeffery White of the Northern District
17 of California certified a nationwide litigation class of consumers who purchased walnuts mislabeled
18 with health claims in violation of FDA regulations and California law, one of only a few nationwide
19 class certification orders presented and granted in this context.  Kravec Decl., ¶ 9; *Zeisel v. Diamond*
20 *Foods, Inc*., No. C 10-01192-JSW, 2011 WL 2221113 (N.D.Cal. June 7, 2011).  In *Zeisel*, Judge
21 White certified nationwide claims on behalf of all purchasers of certain bags of Diamond's shelled
22 walnuts under the CLRA, UCL, False Advertising Law, and for unjust enrichment.  *Id*. at *10-12.  In
23 overcoming a motion to dismiss and in certifying the nationwide class, Stember and their co-counsel
24 faced many of the same arguments to the sufficiency of the complaint and against meeting the
25 requirements of Rule 23 that Joint Plaintiffs will undoubtedly face here, including that the statements
26 on the packaging were not in violation of California's Sherman Law, that the lead plaintiff and
27 absent class members lacked standing to bring a claim, that the named plaintiff was not typical of
28

10

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1,
Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

1  other class members, that any class of purchasers of food products were not ascertainable because
2  the company does not sell directly to consumers, and that consumer reliance could not be proven on
3  a common basis.  *Zeisel v. Diamond Foods, Inc.*, No. C 10-01192-JSW, Doc. 136.  Counsel
4  overcame each of these arguments in *Zeisel*, and can apply this acquired knowledge and experience
5  to the case at bar.

6  Similarly, Faruqi is experienced in class actions and complex litigation of this nature.  For
7  example, Faruqi recently served as co-lead counsel in *Thomas v. Global Vision Products*, Case No.
8  RG-03091195, (California Superior Court, Alameda County), a consumer class action lawsuit
9  against Global Vision Products, Inc. the manufacturer of the Avacor hair restoration product and its
10 officers, directors and spokespersons.  Similar to Joint Plaintiffs' allegations here, the claims in the
11 Avacor case were in connection with the false and misleading advertising claims regarding the
12 Avacor product line as "All Natural."  Though the company had declared bankruptcy in 2007, Faruqi
13 successfully prosecuted two trials to obtain relief for the class of Avacor purchasers.  In January
14 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of
15 the hair restoration product.  In November 2009, another jury awarded plaintiff and the class more
16 than $50 million against two other company directors and officers, representing the largest consumer
17 class action jury award in California for 2009 (according to the legal trade publication
18 VerdictSearch).  *See* Faruqi Decl., ¶¶ 4-5.

19 Through their extensive litigation of each of these and other cases, Stember and Faruqi have
20 shown their experience and ability to work cooperatively, efficiently and effectively in prosecuting
21 food labeling cases and purported "All Natural" consumer products and accordingly satisfy the
22 standards set forth in Rule 23(g)(1)(A)(ii).

23 **b. Proposed Interim Co-Lead Counsel collectively have a wealth of experience in complex and class action cases, making them appropriate interim lead counsel**
24
25 Joseph N. Kravec, Jr., the lead partner from Stember in this case, has over eighteen (18)
26 years experience primarily litigating consumer class action cases, and has played integral roles as co-
27 lead counsel in class actions recovering billions of dollars for millions of consumers.  *See* Kravec
28

11

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

1  Decl. Exhibit 1 (Biography of Mr. Kravec).  Mr. Kravec was recently co-lead counsel in a consumer
2  litigation that certified a California class of 450,000 policyholders under California's UCL, and
3  achieved a class-wide settlement valued at $86 million.  *Wahl v. American Security Insurance*
4  *Company*, Case No. 08-cv-00555 RS (N.D.Cal. filed January 25, 2008), Doc. 131.  Mr. Kravec is
5  also co-lead counsel in other class actions currently pending in California District Courts, a
6  nationwide certified class on behalf of consumers who purchased mislabeled products made in
7  California (*see Zeisel, supra*) and in the *Thurston* and *Ben & Jerry's* actions described above which
8  deal with the same claims involved in this case.
9        Mr. Kravec has been co-lead counsel in numerous other class actions throughout the United
10 States in his eighteen (18) years of practice, including consumer and multi-district class actions
11 involving hundreds of millions of class members.  One federal district judge recognized that,
12 "Joseph N. Kravec, Jr…. [has] significant experience litigating class actions and [has] been found
13 adequate by other courts," and "[has] provided diligent and competent representation in the above-
14 captioned case during the proceedings." *Zeno v. Ford Motor Co., Inc.,* 238 F.R.D. 173, 188
15 (W.D.Pa.2006)(citing *Varacallo v. Massachusetts Mutual Life Ins. Co.,* 226 F.R.D. 207, 233 (D.N.J.
16 2005); *In re Metropolitan Life Ins. Co.,* MDL 1091, 1999 WL 33957871, at *21 (W.D.Pa. Dec. 28,
17 1999)).[4]  Mr. Kravec and other attorneys at Stember have the experience in complex, consumer and
18 class action litigations and the knowledge of food labeling cases such that appointment of Stember
19
20 ─────────────────
21 [4]  The case against Massachusetts Mutual Life was litigated for 8 years in state and federal courts,
22 and was certified in New Jersey and California as litigation classes with precedential appellate
   opinions, and ultimately returned some $700 million in value to a nationwide class of more than 3
23 million class members.  *See Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th
   1282 (Cal.App. 4 Dist. 2002); *Varacallo v. Massachusetts Mut. Life Ins. Co*., 752 A.2d 807
24 (N.J.Super.A.D. 2000).  The case against Metropolitan Life was litigated for 6 years in a multi-
   district federal action as well as in parallel state court actions, it too involved precedential appellate
25 opinions, and was ultimately settled in federal court returning some $1.7 billion dollars in value to a
   national class of some 7 million class members.  Kravec Decl., ¶ 13; *Cope v. Metro. Life Ins. Co*.,
26 696 N.E.2d 1001 (Ohio 1998); *In re Metropolitan Life Ins. Co. Sales Practices Litigation*, MDL
27 1091, 1999 WL 33957871 (W.D.Pa. Dec. 28, 1999).
28

12

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

as interim co-lead counsel is appropriate. *See* Declaration of Joseph N. Kravec , Jr. (Exhibit 1, Stember biographies).

Similarly, Nadeem Faruqi, lead partner in this case for Faruqi, has over twenty-one (21) years of experience in the litigation and settlement of complex class actions, representing consumers in a variety of state and federal complex class actions  Mr. Faruqi was co-lead counsel *In re: HP Power-Plug Litigation,* Case No. 06-1221 (N.D. Cal.), which provided full relief to class members with a settlement consisting of a cash payment up to $650.00, or in the alternative, a repair free-of-charge and free of shipping and handling costs and new limited warranty, to compensate class members for defective laptop computers manufactured by the defendant.  Also, in *Delre v. Hewlett-Packard Co.,* C.A. No. 3232-02 (N.J. Super. Ct. 2002), Mr. Faruqi, as sole lead counsel, obtained full relief for a class of approximately 170,000 members who purchased HP dvd-100i dvd-writers ("HP 100i") after HP misrepresented the write-once ("DVD+R") capabilities of the HP 100i; including, the compatibility of DVD+RW disks written by HP 100i with DVD players and other optical storage devices. HP agreed to replace the defective HP 100i with its more current, second generation DVD writer, the HP 200i for affected class members and refund the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.  Furthermore, Faruqi is currently co-lead counsel in a complex consumer MDL action against Toyota Motor Corporation ("Toyota") which is pending before Judge Cormac J. Carney in the U.S. District Court for the Central District of California, Case No.: MDL No. 2172.  In that case Faruqi and co-counsel recently defeated a complex motion to dismiss filed by defendants which challenged allegations concerning numerous aspects of California's consumer laws, including UCL, CLRA, FAL claims, as well as plaintiffs' allegations concerning breach of implied warranty of merchantability, and breach of contract.   For additional achievements and experience, see Mr. Faruqi and the Faruqi firm's resume attached at Exhibit 1 to the Faruqi Decl.

The combined experience of the attorneys of Stember and Faruqi in handling class actions and complex litigation, and their success in so doing, will ensure that plaintiffs and those similarly situated are fairly and adequately represented in the Consolidated Actions.

13

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

### 3. Proposed Interim Co-Lead Counsel are knowledgeable in the applicable law

Proposed Interim Co-Lead Counsel are not only experienced in litigating consumer complex and class actions, they are also particularly knowledgeable of the laws applicable in this action. Mr. Faruqi is very familiar with litigating large-scale consumer and complex actions, and will be assisted by Faruqi's California attorneys who are very familiar with this Court's rules and procedures. Mr. Kravec also has significant experience representing consumers under California's UCL and CLRA and other consumer fraud statutes, including the cases mentioned above and numerous other pending and concluded cases. *See* Kravec Decl., Exhibit 1. Accordingly, Proposed Interim Co-Lead Counsel have the requisite knowledge in the underlying law to satisfy Rule 23(g)(1)(A)(iii).

### 4. Proposed Interim Co-Lead Counsel have and will dedicate the resources necessary to represent the Class

Proposed Interim Co-Lead Counsel not only have the knowledge, experience and ability to represent the proposed class in this action, they also have the resources necessary to litigate this case. As described above, counsel have dedicated resources to thoroughly investigate, develop and gather evidence supporting the underlying allegations and bringing this matter to light, and the findings of their investigations are clearly set forth in the allegations of their respective complaints. Further, as experienced class action litigators with practices dedicated to the prosecution of class actions, they have collectively demonstrated that they have the ability and the resources to efficiently and effectively prosecute large complex cases on a contingency basis. Indeed, Proposed Interim Co-Lead Counsel have and are funding litigation against some of the largest corporations in the world, including Metropolitan Life Insurance Company, Ford Motor Company, Washington Mutual Bank, AT&T, Toyota, American Apparel, Inc., Google Inc. and Yahoo! Inc. Kravec Decl., Exhibit 1; Faruqi Decl., Exhibit 1. Going forward, Proposed Interim Co-Lead Counsel will continue to staff this case with experienced lawyers to prepare pleadings, write memoranda, conduct discovery and prepare for trial. As interim co-lead counsel, their firms will continue to commit the same resources and effort to this case as they have committed to their other, successful litigation efforts. Counsel

14

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

clearly maintain the financial and human resources to properly represent plaintiffs and the class in the Consolidated Actions in satisfaction of Rule 23(g)(1)(A)(iv).

### B. Entry of Pretrial Order No. 1 Will Help Establish Efficient Pretrial Proceedings and Avoid Duplication and Repetition of Efforts

Joint Plaintiffs respectfully request that the Court enter Proposed Pre-Trial Order No. 1, filed herewith, which, along with appointing Stember and Faruqi interim co-lead counsel, specifies the areas of responsibilities for interim co-lead counsel. Proposed Pretrial Order No. 1 was drafted with the intention of reducing the burden on Defendants and the Court by eliminating duplicative pre-trial efforts by the parties through the filing of one operative Consolidated Amended Class Action Complaint, followed by coordinated discovery and pretrial motions with the automatic coordination of any subsequently filed actions against Defendants. Proposed Pretrial Order No. 1 thus seeks to reduce the burden on Defendants and the Court by eliminating repetitive pleadings, discovery and motions through the pre-trial process that will inevitably occur if each of the Consolidated Actions is litigated individually.

Proposed Pretrial Order No. 1 also requires the parties to immediately notify the Court of any subsequently filed action against Defendants that allege similar causes of action as the Consolidated Actions for similarly alleged unlawful conduct so that they can be likewise consolidated and bound by Proposed Pretrial Order No. 1. Thus, counsel representing additional plaintiffs will be made aware and a part of the Consolidated Actions and Defendants will not be burdened in having to respond to additional complaints, discovery and pre-trial motions as they will be bound by the same Proposed Pretrial Order No. 1.

While Proposed Interim Co-Lead Counsel hopes that named plaintiffs in each Consolidated Action and any subsequently-filed action will sign onto the Consolidated Amended Class Action Complaint and assist interim co-lead counsel litigating the action against Defendants as needed, Proposed Pretrial Order No. 1 does not mandate that each Consolidated Action or subsequently-filed action be joined with the Consolidated Amended Class Action Complaint. Rather, it provides that Defendants' obligation to respond to those separate complaints be deferred to permit coordinated

15

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

1    pre-trial activities. To ensure the interests of all plaintiffs and class members are being adequately
2    represented, Proposed Interim Co-Lead Counsel plan to take discovery regarding the underlying
3    facts and claims that are common to each Consolidated Action – *i.e.*, Defendants' representation that
4    Kashi's products were "All Natural" and contained "Nothing Artificial" despite containing synthetic
5    or artificial ingredients – even if each count of every Consolidated Action is not brought in the
6    Consolidated Amended Class Action Complaint. For example, even though Proposed Interim Co-
7    Lead Counsel do not intend on including a count for Assault and Battery in the Consolidated
8    Amended Class Action Complaint as alleged in the *Bates* Complaint (*see* Bates Complaint, Count
9    Thirteen), plaintiff in *Bates* will have sufficient discovery to proceed with her Assault and Battery
10   claim even if her counsel chooses not to assist Proposed Interim Co-Lead Counsel in pre-trial
11   discovery. Accordingly, each Consolidated Action not joined in the Consolidated Amended Class
12   Action Complaint and any subsequently filed action against Defendants can remain independent and
13   proceed to trial on their claims, but only *after* coordinated pre-trial proceedings, including class
14   certification, have concluded as appropriate.

**IV.    CONCLUSION**

For all the reasons stated above, Joint Plaintiffs respectfully request that the Court appoint Stember and Faruqi as interim co-lead counsel and enter proposed Pretrial Order No. 1 submitted herewith.

DATED:  November 30, 2011

16

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

| | | |
|---|---|---|
| 1 | **STEMBER FEINSTEIN DOYLE & PAYNE, LLC** | **FARUQI & FARUQI, LLP** |
| 2 | | |
| 3 | By: s/Joseph N. Kravec, Jr. <br> Joseph N. Kravec, Jr. (*pro hac vice*) | By: s/Vahn Alexander <br> Vahn Alexander (167373) |
| 4 | Wyatt A. Lison <br> Maureen Davidson-Welling | Christopher B Hayes (277000) <br> 1901 Avenue of the Stars, Second Floor |
| 5 | 429 Forbes Avenue, 17th Floor <br> Pittsburgh, PA 15219 | Los Angeles, CA 90067 <br> Telephone: (310) 461-1426 |
| 6 | Tel: (412) 281-8400 <br> Fax: (412) 281-1007 | Facsimile: (310) 461-1427 <br> Email: valexander@faruqilaw.com |
| 7 | jkravec@stemberfeinstein.com <br> wlison@stemberfeinstein.com | chayes@faruqilaw.com |
| 8 | mdavidsonwelling@stemberfeinstein.com | Nadeem Faruqi (*pro hac vice* to be filed*)* <br> 369 Lexington Avenue, 10th Floor |
| 9 | Michael D. Braun <br> **BRAUN LAW GROUP, P.C**. | New York, NY 10017 <br> Telephone: (212) 983-9330 |
| 10 | 10680 W. Pico Blvd., Suite 280 <br> Los Angeles, CA 90064 | Facsimile: (212) 983-9331 <br> nfaruqi@faruqilaw.com |
| 11 | Phone: (310) 836-6000 <br> Fax: (310) 836-6010 | ***ATTORNEYS FOR PLAINTIFF TAMARA*** |
| 12 | service@braunlawgroup.com | ***DIAZ*** |
| 13 | Janet Lindner Spielberg | |
| 14 | **LAW OFFICE OF JANET LINDNER SPIELBERG** | Jason S. Hartley <br> **STUEVE SIEGEL HANSON LLP** |
| 15 | 12400 Wilshire Blvd., Suite 400 <br> Los Angeles, CA 90025 | 550 West C Street, Suite 610 <br> San Diego, California 92101 |
| 16 | Phone: (310) 392-8801 <br> Fax: (310) 278-5938 | Tel: (619) 400-5822 <br> Fax: (619) 400-5832 |
| 17 | jlspielberg@jlslp.com | hartley@stuevesiegel.com |
| 18 | ***ATTORNEYS FOR PLAINTIFFS KIMBERLY S. SETHAVANISH,*** | Bruce D. Greenberg <br> Susana Cruz Hodge |
| 19 | ***JAMESCOLUCCI AND SKYE ASTIANA*** | **LITE DePALMA GREENBERG, LLC** <br> Two Gateway Center, Suite 1201 <br> Newark, NJ 07102 |
| 20 | Lionel Z. Glancy (#134180) <br> Michael Goldberg (#188669) | Phone: (973) 623-3000 <br> Fax: (973) 623-0858 |
| 21 | Marc L. Godino (#182689) <br> **GLANCY BINKOW & GOLDBERG LLP** | bgreenberg@litedepalma.com |
| 22 | 1801 Avenue of the Stars, Suite 311 <br> Los Angeles, CA 90067 | ***ATTORNEYS FOR PLAINTIFF ROSACLAIRE BAISINGER*** |
| 23 | Telephone: (310) 201-9150 <br> Facsimile: (310) 2014-9160 | |
| 24 | Email: info@glancylaw.com | |
| 25 | ***ATTORNEYS FOR PLAINTIFF JOE CHATHAM*** | |
| 26 | | |
| 27 | | |
| 28 | | |

17

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)

# PROOF OF SERVICE

STATE OF PENNSYLVANIA  )
                       )  ss.:
COUNTY OF ALLEGHENY    )

I am employed in the County of Allegheny, Commonwealth of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219.

On November 30, 2011, I served the document(s) described as:

**JOINT PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED.R.CIV.P. 23(g) AND FOR ENTRY OF PRETRIAL ORDER NO. 1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[ X ]   BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:**
I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

Executed on November 30, 2011, at Pittsburgh, Pennsylvania.

                                               s/Joseph N. Kravec, Jr.
                                               Joseph N. Kravec, Jr.

18

Joint Plaintiffs' Notice of Motion and Motion to Appoint Interim Co-Lead Counsel Pursuant to Fed.R.Civ.P. 23(g) and Enter Pretrial Order No. 1, Memorandum of Points and Authorities in Support Thereof; Case No. 11-CV-1967-H (BGS)