1  BERG & ANDROPHY
   DAVID BERG (*pro hac vice* pending)
2  CHRIS GADOURY (*pro hac vice* pending)
   3704 Travis St.
3  Houston, TX 77002
   Telephone: (713) 529-5622
4  dberg@bafirm.com
   cgadoury@bafirm.com
5
   THE GOLAN LAW FIRM
6  YVETTE GOLAN (*by pro hac vice*)
   1919 Decatur St.
7  Houston, TX 77007
   Telephone: (866) 298-4150 ext. 101
8  ygolan@tgfirm.com
9  FLASHPOINT LAW, INC.
   SHIRISH GUPTA (SBN 205584)
10 1900 S. Norfolk Street, Suite 350
   San Mateo, CA 94403
11 Telephone: (650) 539-4019
   sgupta@flashpointlaw.com
12
   Attorneys for Plaintiffs Michael Bates and
13 Vanessa Gibson

14 *Proposed Interim Lead Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATES, VANESSA GIBSON, and all others similarly situated,<br><br>              Plaintiffs,<br>   v.<br><br>KASHI COMPANY, a California corporation; KELLOGG COMPANY, a Delaware corporation, DAVID DENHOLM, DAVID DESOUZA, and DOES 1-100,<br><br>              Defendants. | Case No. 3:11-cv-01967-H-BGS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS BATES' AND GIBSON'S NOTICE AND MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(2) AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAVID BERG, CHRIS GADOURY, YVETTE GOLAN, AND SHIRISH GUPTA**<br><br>DATE:    January 30, 2010<br>TIME:    10:30 a.m.<br>CTRM:  13<br>JUDGE:  Honorable Marilyn Huff |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 30, 2012 at 10:30 a.m., or as soon thereafter as counsel may be heard by the above-referenced court, located at Courtroom 13, 940 Front Street, San Diego, California, 92101, pursuant to Rule 23(g) of the *Federal Rules of Civil Procedure* ("Rule 23(g)"), Plaintiffs Michael Bates and Veronica Gibson will, and hereby do, move this Court, for an order appointing Berg & Androphy and The Golan Firm (collectively, the "B&A Group") as interim lead counsel for *Bates v. Kashi Co., et al.,* 11-cv-1967-H (BGS) and all actions consolidated therewith, and for the entry of Pretrial Order No. 1 Appointing Interim Lead Counsel separately submitted pursuant to this Court's local rule.

This Motion is brought pursuant to Rule 23(g) and made on the grounds that appointing interim lead counsel provides the most efficient manner of proceeding with the litigation and is in the best interest of the putative class.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of Joint Plaintiffs' Motion to Appoint Interim Lead Counsel Pursuant to Fed. R. Civ. P. 23(g) and for Entry of Pretrial Order No. 1 Appointing Interim Lead Counsel, the Proposed Order submitted herewith, the accompanying declarations of counsel, and such argument and further filings and evidence as this Court may receive on this Motion.

# **TABLE OF CONTENTS**

INTRODUCTION………………………………………………………..……………………………1

ARGUMENT & AUTHORITIES…………………………………………………………...…...2

    I.     Legal Standard……………………….……………………………..…………..2

    II.    Rule 23(g)(1) Factors Heavily Favor Appointment of the B&A Group as Interim Lead Class Counsel…………………………………………………3

        A.    Work Counsel Has Done in Identifying or Investigating Potential Claims in the Action……………………………………….3

            1.    The B&A Group was the first to investigate, was the first to bring the claims to light, and continue to be the only counsel who conducted a full investigation of the alleged claims. ……………………………………………………4

            2.    The B&A Groups' continued work in this action strongly support in their appointment as interim lead……………6

        B.    The B&A Group has Extensive Experience in Trying and Litigating Complex Litigation, Including Class Actions……………………..6

        C.    The B&A Group Will Commit the Necessary Financial Resources, Staffing, and Time to Adequately Represent the Class……………..….…11

        D.    The B&A Group is Well Versed in the Applicable Law..……………..12

CONCLUSION………………………………..…………………………...…………………….13

# TABLE OF AUTHORITIES

**CASES**

Carlin v. DairyAmerica, Inc.,
 No. 109CV0430 AWI-DLB, 2009 WL 1518058 (E.D. Cal. May 29, 2009) ........................ 4

Kaminske v. JP Morgan Chase Bank N.A.,
 Nos. SACV 09-00918 JVS (RNBx), CV 09-6352-JVS (RNBx), 2011 WL
 521338 at *1 (C.D. Cal. Jan. 3, 2011) ................................................................ 4

Walker v. Discover Financial Services,
 2011 WL 2160889 (N.D. Ill. 2011) ................................................................ 4

**RULES**

Fed. R. Civ. P. 23(g)(2) ................................................................................................ 1, 2
Fed. R. Civ. P. 23(g)(1) ................................................................................................ 2, 3
Fed. R. Civ. P. 23(g)(4) ................................................................................................... 3

**TREATISES**

Moore's Federal Practice § 23.120 [3][a]................................................................... 3

Plaintiffs Michael Bates and Veronica Gibson respectfully submit their Memorandum of Points and Authorities in support of their Motion to Appoint the B&A Group as Lead Counsel Pursuant to Red. R. Civ. P. 23(g) and for the entry of the [Proposed] Pretrial Order No. 1 Appointing Interim Lead Counsel filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Michael Bates and Veronica Gibson (collectively, the "Bates Plaintiffs"), through their attorneys, hereby submit this motion and memorandum in support of the appointment of their attorneys, Berg & Androphy and the Golan Firm (collectively, the "B&A Group") as Interim Lead Class Counsel in the pre-certification phase of these proceedings.

By separate motion concurrently filed, the Bates Plaintiffs oppose Plaintiffs Kimberly S. Sethavanish et al.'s Motion to Appoint as Interim Co-Lead Counsel Stember Feinstein Doyle & Payne, LLC, and Faruqi & Faruqi LLP (collectively, the "Stember/Faruqi Group").[1]

## INTRODUCTION

In the hopes of capturing the expanding market of environmentally- and health-conscious consumers willing to pay more for all-natural foods, Defendants Kashi Co. and its parent company, Kellogg Co., labeled many of its food products as "all natural" and/or containing "nothing artificial" and made other false representations. After an extensive investigation of food chemistry uncovering a significant number and substantial amounts of synthetic and processed ingredients used in Defendants' products, Plaintiff Michael Bates filed a putative

---

[1] In the interests of judicial economy and fairness, the Bates Plaintiffs respectfully request this Court consider hearing all motions for appointment of interim lead on the same day. Sethavanish et al.'s Motion to Appoint Interim Lead, and the Bates Plaintiffs' Opposition thereto, is set to be heard on January 17, 2012. The Bates Plaintiffs' Motion to Appoint Interim Lead is set for January 30, 2012. On December 29, 2011, this Court consolidated another action, *Espinola v. Kashi Co.*, 11-cv-02629-H-BGS with the *Bates* action. Espinola has not yet filed a motion to appoint interim lead class counsel, but may desire to do so. In the interests of judicial economy, the Bates Plaintiffs respectfully request this Court order all Interim Lead Motions to be heard on the same day, whether on January 17, January 30, or on another date convenient to this Court.

national class action in this Court against Kashi, Kellogg, and two of the responsible corporate officers, seeking remedy for the fraud. Filed on August 24, 2011, the *Bates* complaint was the first-filed action against Defendants.

The Bates Plaintiffs respectfully move this Court to appoint their counsel, the B&A Group, as Interim Lead Counsel in *Bates et al. v. Kashi Co. et al.* and the actions consolidated therein. The B&A Group's extensive experience and nationally recognized success in conducting complex litigation and investigations, and representing large plaintiff classes make them not only qualified, but ideal interim lead class counsel. Moreover, unlike any other counsel requesting to be appointed lead, including the Stember/Faruqi Group, the B&A Group conducted the original investigation that first identified the factual and legal claims, and through their complaint, made the first public disclosure of the Defendants' wrongs. The B&A Group's continued factual investigation remains unmatched. Though duplicated in subsequently filed lawsuits, the B&A Group's complaint remains the most factually developed complaint, seeking the full array of remedies available and bringing the full panoply of claims.

## ARGUMENT & AUTHORITIES

**I.     Legal Standard**

The criteria for appointment of interim class counsel under Rule 23(g)(2) are the same as the criteria for the appointment of class counsel following certification. In selecting lead counsel, a court is to consider Rule 23(g)(1) factors:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

- counsel's knowledge of the applicable law;

- the resources that counsel will commit to representing the class; and
- any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

FED. R. CIV. PROC. 23(g)(1)(A)-(B) (listing the first four factors as mandatory and the last as permissive). Additionally, class counsel must not suffer a conflict of interest under Rule 23(g)(4).

The B&A Group is the best qualified to serve as interim lead class counsel. Not only does the B&A Group possess a well-earned national reputation for having the knowledge, experience, and history of success befitting a class action of this nature, but the B&A Group is the *only* counsel who first filed this suit, first completed the factual investigation, and the B&A Group remains the *only* counsel to possess the fruits of the most complete factual investigation of the claims. The B&A Group is the only counsel who has not clogged this Court with duplicative class actions, and is thus far the only counsel seeking appointment that does not suffer conflicts of interest. *See* Bates Plaintiffs' Opposition to Sethavanish Plaintiffs' Motion to Appoint Interim Lead Counsel.

**II. Rule 23(g)(1) Factors Heavily Favor Appointment of the B&A Group as Interim Lead Class Counsel**

   **A. Work Counsel Has Done in Identifying or Investigating Potential Claims in the Action**

In the class action context, the attorneys who drafted the first complaint and completed the first investigation are presumptively the most qualified to be lead counsel. "[T]he process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken." MOORE'S FEDERAL PRACTICE § 23.120 [3][a]. In fact, this factor is so important in a class action that "when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she

3
PLAINTIFFS BATES' AND GIBSON'S MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(2)

is in a better position to represent the class fairly and adequately than attorneys who have not undertaken those tasks." *Id*.

Courts often use this as the deciding factor when two groups of counsel seek to be appointed lead. *See, e.g., Kaminske v. JP Morgan Chase Bank N.A.*, Nos. SACV 09-00918 JVS (RNBx), CV 09-6352-JVS (RNBx), 2011 WL 521338 at *1 (C.D. Cal. Jan. 3, 2011) (appointing counsel for the first-filed plaintiffs over the objection of the later-filed plaintiffs, concluding that the firm representing the first-filed plaintiffs were in the best position to represent the class "in light of the extensive amount of research and discovery [it] has conducted, the lack of discovery conducted by [the competing firm], and the sufficiency of [its] manner of conducting the [class action] thus far"); *Walker v. Discover Financial Services*, 2011 WL 2160889 (N.D. Ill. 2011) (same); *Carlin v. DairyAmerica, Inc.*, No. 109CV0430 AWI-DLB, 2009 WL 1518058, at *2 (E.D. Cal. May 29, 2009) (same).

### 1. The B&A Group was the first to investigate, was the first to bring the claims to light, and continue to be the only counsel who conducted a full investigation of the alleged claims.

Most food labeling class actions rely heavily on a FDA investigation, FTC investigation, or a similar governmental or non-profit investigation or complaint. Not here. The B&A Group did not have the benefit of any non-profit group's prior investigation, any prior regulatory investigation or complaint, any previously filed legal complaint, or any of the other common crutches that many other class action attorneys use. Declaration of Yvette Golan at ¶¶ 7-8.

The B&A Group conducted the original investigation that first identified the factual and legal claims forming the basis of all the later-filed actions. The complaint in *Bates* was based on their extensive factual and legal investigation, and did not rely on any other governmental action or investigation. The B&A Group was the first to uncover scientific evidence of the synthetic

and/or processed nature of more than 54 food ingredients used in Defendants' products, the first to uncover that more than sixty Kashi products are deceptively labeled as "all natural", and the first to uncover alleged fraud in labeling Kashi's "Heart-to-Heart" products. Declaration of David Berg at ¶¶ 3-6; Decl. of Y. Golan at ¶¶ 4-13.

The B&A Group wrote the *Bates* complaint, a detailed and comprehensive complaint that reflects the care and commitment they devoted, and will continue to devote, to this litigation. In particular, the *Bates* complaint presents the most complete factual investigation and seeks the most complete remedy. The B&A Group was also the first to file suit, and the *Bates* action was the first to publicly uncover the Defendants' wrongs. Decl. of D. Berg at ¶¶ 3-6; Decl. of Y. Golan at ¶¶ 4-9.

The B&A Group, through Yvette Golan, performed the key investigation that first identified the potential claims in the action, including a methodical and time-intensive investigation of the ingredients Defendants used in their food products, the sources of those ingredients, food ingredient production methods, Defendants' knowledge thereof, differences in molecular structures of various ingredient formulations, and the health and environmental effects thereof. The B&A Group consulted with experts, trade groups, scientific and academic literature. The B&A Group examined federal and trade databases, international databases, learned treatises, and other sources. The B&A group investigated and analyzed the claims made by the Defendants on product packaging and the non-"all natural" ingredients contained in their products. The B&A group analyzed the synthetic and processed ingredients by conducting research using scientific texts, government documents from the Food and Drug Administration and the Department of Agriculture, food-related public interest groups, and publicly available information from the Defendants. The B&A Group conducted a thorough legal analysis

regarding the applicability and viability of each substantive cause of action asserted and each required element of class certification. The B&A Group also conducted extensive research regarding federal food-related regulations, FDA policy, and common law precedent on food-labeling issues. Decl. of Y. Golan at ¶¶ 4-13; Decl. of D. Berg at ¶¶ 3-6.

### 2. The B&A Groups' continued work in this action strongly support in their appointment as interim lead.

The B&A Group's work in this case so far reflects the care and commitment it has devoted, and will continue to devote, to this litigation. The B&A Group also continues the factual investigation necessary in this litigation. The B&A Group has consulted with experts, began the independent laboratory testing of Defendants' products, and has analyzed food testing methodologies. Further, The B&A Group has engaged a food scientist with exemplary qualifications to assist in prosecuting this case on behalf of the class. Decl. of C. Gadoury ¶ 8. In addition, the B&A Group has also engaged a highly-regarded damages expert to assist the class on analyzing damages and the value of other non-monetary relief. *Id*. Further, the B&A Group has consulted with testing laboratories and is in the process of conducting nutritional testing on Kashi products. *Id*. The B&A Group also continues to further investigate and develop the legal claims asserted in *Bates*. Decl. of D. Berg at ¶¶ 3-6, 16; Decl. of Y. Golan at ¶¶ 16-19.

### B. The B&A Group has Extensive Experience in Trying and Litigating Complex Litigation, Including Class Actions.

The B&A Group are uniquely qualified to serve as interim lead class counsel. Originally founded in 1968, Berg & Androphy is currently an eleven-attorney litigation and trial boutique headquartered in Houston, with a national practice that extends from New York to California. The B&A Group possesses extensive experience litigating complex class actions and other representative actions and in leading complex investigations, including investigations on behalf

PLAINTIFFS BATES' AND GIBSON'S MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM
LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(2)

of the United States. *See* Decl. of D. Berg at ¶¶ 7-13, and Exhibit 1 thereto. Indeed, the firm has been appointed as lead counsel in numerous class and representative *qui tam* actions. *Id.* at ¶¶ 12-13, and Ex. 1.

David Berg graduated in 1967 from the University of Houston Law Center. Mr. Berg has tried virtually every kind of civil and criminal case to a verdict, from murder to patent infringement, representing plaintiffs and defendants throughout the country. In 2003, Mr. Berg authored THE TRIAL LAWYER: WHAT IT TAKES TO WIN, a practice guide on trial practice and procedure, which has become one of the ABA's best selling books. As of 2011, BEST LAWYERS IN AMERICA has recognized Mr. Berg in nine separate categories of litigation. In 2010, B&A partner Joel Androphy was named among the nation's top 75 plaintiff's lawyers by AmLaw Daily. Decl. of D. Berg at ¶¶ 7-8.

Yvette Golan graduated Cornell Law School *magna cum laude* in 2002, serving thereafter as a law clerk to Circuit Judge J. Clifford Wallace of the Ninth Circuit Court of Appeals, in San Diego, CA. Ms. Golan continued her litigation career at the Chicago office of Kirkland & Ellis LLP, where she defended major corporations in complex class actions, including multiple state-wide and national class actions against W.R. Grace's asbestos products and General Motors for alleged engine, coolant, and cooling system defects. Ms. Golan then relocated to Texas, where she continued her legal work but focused her time in the business arena, acquiring significant experience in the consumer products industry, including sourcing, distribution, and retailer networks. Ms. Golan then returned full-time to the practice of law, forming the Golan Firm to focus on food-related class action litigation. Decl. of Y. Golan at ¶¶ 1-3, 14.

Christopher Gadoury, a partner at B&A, graduated *cum laude* from the University of

Houston Law Center in 2001. Mr. Gadoury practices in the areas of complex commercial litigation, securities and shareholder litigation, white collar criminal defense, class actions, and appeals. Along with Mr. Berg, Mr. Gadoury currently serves as lead counsel to the XO Communications, Inc. Special Committee of Independent Directors in class action and shareholder derivative litigation currently pending in New York State Supreme Court and the Delaware Chancery Court. In addition, Mr. Gadoury has successfully represented numerous plaintiffs in complex litigation, including: (1) Crestone Group, a commercial bakery, in a contract and intellectual property dispute against Starbucks Corp, (2) Paloma Resources, a major oil and gas company, in multiple unfair competition and trade secret cases, and (3) the City of Houston, *pro bono* with David Berg, in a nuisance case against CES Environmental Services. Decl. of C. Gadoury ¶¶ 1-5.

Further, Mr. Gadoury has briefed and argued numerous cases in state and federal appellate courts, including cases involving: criminal violations of the Federal Food, Drug and Cosmetic Act, breach of contract, unfair competition, tortious interference with contract, defamation, and the Federal Fair Housing Act. Currently, Mr. Gadoury also represents whistleblowers who have reported corporate fraud to the Securities and Exchange Commission and the Internal Revenue Service. *Id*. ¶ 6.

Mr. Gadoury previously worked in the Houston office of Susman Godfrey LLP, another nationally-recognized law firm with a history of success in class actions. There, among other matters, Mr. Gadoury was a member of the team defending Wal-Mart in several nationwide wage and hour class actions and oversaw the complex and extensive document discovery in the cases. *Id*. ¶ 7.

B&A is a nationally-recognized firm specializing in complex litigation with a consistent

8
PLAINTIFFS BATES' AND GIBSON'S MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM
LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(2)

and long history of that successfully prosecuting claims for fraud, including in the class action context. Representing plaintiffs, Mr. Berg and B&A have won hundreds of millions of dollars in verdicts and settlements. In addition, B&A has recovered hundreds of millions for whistleblowers and federal and state governments in *qui tam* actions. The firm has also successfully represented corporate clients in litigation and class actions, including Westinghouse, CBS, Samsung, Robert Bass' Acadia Partners, L.P., XO Communications, Inc.'s Special Committee of Independent Directors, Deutsche Bank, as co-lead counsel in the Enron class action litigation, Credit Suisse, and other major companies. Decl. of D. Berg at ¶¶ 10-13.

As lead counsel, B&A has an exemplary track record of success in representing plaintiffs in complex class actions. For example, Mr. Berg and B&A obtained a $420 million settlement as lead class counsel on behalf of thousands of hotel franchisees, alleging fraud and breach of fiduciary duty against Marriott International and Host Marriott. Cause No. 96-CI-08327; *A.R. Milkes and D.R. Burklew, et al. v. Host Marriott Corp., et al.*; 285th Judicial District Court of Bexar County, Texas. That settlement was achieved only months after the parties conducted a summary jury trial, with Berg as lead trial lawyer—following four years of litigation. B&A also served as lead counsel for Plaintiffs in a five state class action against SBC Communications, Inc. alleging misrepresentations related to SBC's DSL service. Cause No. 00-4540-E; *McLaughlin, et al. v. SBC Communications, Inc., et al.*; In the 347th Judicial District Court, Nueces County, Texas. Decl. of D. Berg at ¶¶ 10-13.

Similarly, B&A is one of the nation's leading firms in bringing *qui tam* actions under the False Claim Act, suing on behalf of federal and state governments for fraud perpetrated against them. To date, B&A has recovered hundreds of millions of dollars in settlements and fines on behalf of federal and state governments and the whistleblowers it represents. Decl. of D. Berg at

9
PLAINTIFFS BATES' AND GIBSON'S MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM
LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(2)

¶ 12.

B&A has led the investigation of food-related fraud. For example, based solely on B&A's complaint and investigation of American Grocers, Inc.'s fraudulent alteration of the expiration dates of aging food products being shipped to U.S. troops stationed in the Middle East, the U.S. Attorney's office was able to obtain a $13.2 million settlement, and its owner pleaded guilty to conspiracy to defraud the federal government. B&A, along with the Defense Criminal Investigative Service and the Civil Division of the U.S. Attorney's Office, reviewed voluminous documents numbering in the hundreds of thousands of pages seized from American Grocers. At the conclusion of the review, B&A assembled a presentation of key documents that convinced American Grocers' owner to plead guilty to conspiracy and settle the civil charges.

B&A currently serves as lead counsel in numerous *qui tam* actions currently filed and under seal. Of those not under seal, some of the firm's recent successes include:

>   (a) $1.350 billion in total recovered in representing one of nine whistleblowers against Eli Lilly in a *qui tam* action involving off-label marketing of the drug Zyprexa. This civil settlement netted the government and all whistleblowers about $750 million. The government also received an additional $600 million in criminal fines.
>
>   (b) $13.7 million recovered in B&A's representation for whistleblower and government against American Grocers in a *qui tam* action involving the alteration of expiration dates on food products sent to American troops in the Middle East.
>
>   (c) $119 million recovered in B&A's representation of a whistleblower against King Pharmaceuticals in a *qui tam* action involving the underpayment of Medicaid rebates, false claims, and best price violations.
>
>   (d) $45 million recovered in B&A's representation for whistleblowers and government against Pfizer in a *qui tam* action involving the underpayment of Medicaid rebates, false claims and best price violations for the drug Lipitor.
>
>   (e) $1.78 million recovered for whistleblowers and government against Rotech in a *qui tam* action for false or fraudulent conduct in billing Medicare for durable medical equipment.

Decl. of D. Berg at ¶ 12.

Mr. Berg also has achieved success in high-profile cases. For example, in 2005, Mr. Berg successfully represented Defendant Deutsche Bank as co-lead counsel in the Enron class action litigation in the Southern District of Texas, obtaining summary judgment dismissing the claims against his client. That same year, Mr. Berg represented the City of Houston, obtaining an unprecedented agreement with Texas Petrochemicals LP, under the terms of which TPC agreed to cut its production of the carcinogen, 1,3 butadiene by 50%, and all but end its effect on surrounding neighborhoods. Mr. Berg, at the request of Mayor Bill White, handled the matter on a *pro bono* basis.

The B&A Group has enjoyed success also in bet-the-company high-stakes litigation. For example, Mr. Berg represented Samsung in a patent infringement case that threatened its billion dollar business in liquid crystal display for laptop computers. Following an eight-day evidentiary hearing, United States District Judge T.S. Ellis held that the plaintiff had fraudulently obtained his patent and dismissed the lawsuit against Samsung. The decision was affirmed on appeal.

Mr. Berg's national reputation as a top trial attorney also gives the B&A Group an irreplaceable edge in class actions. Serving as lead class counsel against Marriott in *A.R. Milkes and D.R. Burklew, et al. v. Host Marriott Corp.*, Mr. Berg conducted a summary jury trial that returned a confidential verdict for the class. Though the case had been ongoing for several years, Marriott settled shortly after Mr. Berg's trial – to the tune of $420 million.

**C.     The B&A Group Will Commit the Necessary Financial Resources, Staffing, and Time to Adequately Represent the Class.**

The B&A Group has and will continue to commit all necessary resources required to zealously prosecute this action and adequately represent the class – including the substantial time and financing required in cases of this magnitude. B&A's enormous success in obtaining

hundreds of millions of dollars in verdicts and settlements not only provides B&A with the financial resources to prosecute actions of this nature, but it also enables B&A to be extremely selective in what cases it accepts to handle. For every case in which the Firm chooses to accept representation, B&A likely turns down a dozen – and never churns through cases in an assembly-line fashion or submits motions that are boilerplate. B&A's high degree of selectivity enables it to consistently provide the highest degree of legal representation and professional service to its clients. Decl. of D. Berg at ¶¶ 16-17; Decl. of Y. Golan at ¶¶ 16-19.

### D. The B&A Group is Well Versed in the Applicable Law.

The B&A Group has extensive knowledge regarding the common law and statutory causes of actions asserted in this case, as well the regulatory framework governing food manufacturers. Decl. of D. Berg at ¶¶ 14-15; Decl. of Y. Golan at ¶¶ 1-3, 5, 9-14, 16. B&A's knowledge is demonstrated in its complaint, which asserts the full panoply of claims and seeks the most comprehensive remedy.

B&A has vast experience in prosecuting claims for fraud, breach of contract and warranty, negligence, negligent misrepresentation, assault and battery, and other similar claims. B&A has represented clients, classes, and governments in cases involving white collar crimes, fraud, and other deceptive conduct, recovering hundreds of millions in verdicts, settlements, and fines in such cases. Decl. of D. Berg at ¶¶ 7-13, and Ex. 1 thereto. The B&A Group will continue to use such skill and knowledge in prosecuting this case.

The B&A Group also has experience in litigating complex food cases such as the case here. For example, the B&A Group is also litigating *Sandys v. Naked Juice Co. and PepsiCo Inc.,* Case No. LA CV11-08007-JA (C.D. Cal., filed on September 27, 2011) a putative national class action challenging juice-labeling fraud. Decl. of Y. Golan at ¶ 14. Like *Bates*, the B&A

12
PLAINTIFFS BATES' AND GIBSON'S MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM
LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)(2)

Group was the first to file *Sandys*, and the allegations therein are based solely on the B&A Group's independent investigation and remain the first and only disclosure of the fraud alleged.

The B&A Group has experience in litigating cases governed under California law and has conducted extensive legal research regarding both the California common law and statutory claims asserted in this case. Decl. of D. Berg at ¶¶ 7-15, and Ex. 1 thereto; Decl. of Y. Golan at ¶¶ 1-3. Ms. Golan also formerly clerked for Judge Wallace in the Ninth Circuit Court of Appeals and frequently encountered legal issues governed under California law. Decl. of Y. Golan at ¶ 2. In addition, the B&A Group has engaged Shirish Gupta as local California counsel. *See* Declaration of Shirish Gupta. Mr. Gupta, a graduate of University of Chicago Law School, is not only well-versed in California law, but his impressive experience in class actions and other complex litigation further enriches the legal team. *Id.* Based on the B&A Group's experience, knowledge, research, and assistance from local counsel, the B&A Group has sufficient knowledge of the applicable law to adequately represent the class.

## CONCLUSION

For the reasons set forth in this Motion, Plaintiffs request that this Court appoint the B&A Group as interim lead class counsel during the precertification phase of *Bates et al. v. Kashi Co. et al.* and the actions consolidated therewith.

Dated: December 30, 2011

THE GOLAN FIRM
Yvette Golan
By: /s/ Yvette Golan
　　Yvette Golan

BERG & ANDROPHY
David Berg
Christopher Gadoury

Attorneys for Plaintiffs Michael Bates and Veronica Gibson

# PROOF OF SERVICE

STATE OF TEXAS §
§
HARRIS COUNTY §

    I reside in Harris County, in the City of Houston, Texas. I am over the age of 18 and not a party to the within action. My business address is 1919 Decatur St., Houston TX 77007.

    On December 30, 2011, I served the document(s) described as:

**PLAINTIFFS BATES' AND GIBSON'S NOTICE AND MOTION FOR APPOINTMENT OF THE B&A GROUP AS INTERIM LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)(2) AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAVID BERG, CHRIS GADOURY, YVETTE GOLAN, AND SHIRISH GUPTA**

**[ X ] BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:**

I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

    Executed on December 30, 2011, at Houston, TX.

                                                        <u>s/ Yvette Golan</u>
                                                        Yvette Golan