# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATES, VANESSA GIBSON, on behalf of themselves and others similarly situated,<br><br>vs.<br><br>KASHI COMPANY, a California corporation; KELLOGG COMPANY, a Delaware corporation, DAVID DENHOLM, DAVID DESOUZA, and DOES 1-100,<br><br>Defendants. | CASE NO. 11-CV-1967-H (BGS)<br><br>**ORDER GRANTING THE STEMBER/FARUQI GROUP'S MOTION TO BE APPOINTED AS INTERIM CO-LEAD COUNSEL; DENYING THE BERG/GOLAN GROUP'S MOTION TO BE APPOINTED AS INTERIM CO-LEAD COUNSEL; SCHEDULING ORDER** |

On August 24, 2011, Plaintiff Michael Bates filed a complaint against Defendants Kashi Company, Kellogg Company, David Denholm and David Desouza regarding Kashi food products labeled as "all natural." (Doc. No. 1.) Subsequently, several other individual plaintiffs filed similar suits, seeking to represent a nationwide class of consumers who purchased Kashi products that were labeled as "all natural," yet contained artificial and synthetic ingredients.[1] The Court previously consolidated the following six similar cases with

---

[1] See Diaz v. Kashi Company et al., 11-CV-2256; Chatham v. Kashi Company et al., 11-CV-2285; Sethavanish et al. v. Kashi Company, 11-CV-2356; Baisinger v. Kashi Company et al., 11-CV-2367; Espinola v. Kashi Company, 11-CV-2629; and Babic v. Kashi Company et al., 11-CV-2816.

1  this lead case under Federal Rule of Civil Procedure 42(a): (i) 11-CV-2256, (ii) 11-CV-2285, (iii) 11-CV-2356, (iv) 11-CV-2367, (v) 11-CV-2629, and (vi) 11-CV-2816. (Doc. Nos. 16 & 22.)

On November 30, 2011, Plaintiffs Kimberly S. Sethavanish, James Colucci, Skye Astiana, Rosaclaire Baisinger, Tamara Diaz, and Joe Chatham filed a motion requesting that the Court appoint Stember Feinstein Doyle & Payne and Faruqi & Faruqi (collectively the "Stember/Faruqi Group") as interim co-lead counsel. (Doc. No. 17). On December 30, 2011, Plaintiffs Michael Bates and Veronica Gibson filed a separate motion requesting that the Court appoint Berg & Androphy and The Golan Firm (collectively the "Berg/Golan Group") as interim class counsel. (Doc. No. 23.)

On December 30, 2011, the Berg/Golan Group filed a response in opposition to the Stember/Faruqi Group's motion to appoint counsel. (Doc. No. 24). On January 10, 2012, the Stember/Faruqi Group filed a reply to the Berg/Golan Group's response. (Doc. No. 28.) On January 10, 2012, the Stember/Faruqi Group filed a response in opposition to the Berg/Golan Group's motion to appoint counsel. (Doc. No. 33.) On January 11, 2012, the Berg/Golan Group filed a reply to the Stember/Faruqi Group's response. (Doc. No. 35.)

On January 17, 2012, the Court held a motion hearing regarding the appointment of interim co-lead counsel. After due consideration, the Court grants the Stember/Faruqi Group's motion for appointment as interim co-lead counsel as best meeting the standards under Federal Rule of Civil Procedure 23(g).

**Background**

Two groups of attorneys are vying for selection as interim co-lead counsel in this litigation. The Stember/Faruqi Group has obtained the support of the lawyers representing six of seven plaintiffs in the consolidated actions. (Doc. No. 28 at 1.) The Stember/Faruqi Group represents the first group of attorneys to complain in writing to Kashi. (Doc. No. 17 at 7.) The Berg/Golan Group represents the plaintiffs from the first-filed action. (Doc. No. 23-1 at 2.)

///

///

**Discussion**

**I. Legal Standard for Appointment of Interim Counsel**

Federal Rule of Civil Procedure 23(g)(3) allows courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In appointing class counsel, courts must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). When more than one choice of counsel satisfies the requirements of Rule 23(g), courts "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

**i. Work Done by Counsel in Identifying or Investigating the Action**

The Court first considers under Rule 23(g)(1)(A) counsel's work in identifying or investigating potential claims in the action. The Stember/Faruqi Group states that they have extensively investigated the "all natural" claim against Kashi. (Doc. No. 17 at 7.) Mr. Joseph N. Kravec, Jr., of Stember Feinstein Doyle & Payne ("Stember") reports that he and his co-counsel vetted each of Kashi's products, researched federal statutes and regulations, and investigated potential claims to be brought against Kashi. Id. at 8. Mr. Kravec was one of three co-counsel in the Sethavanish case that transmitted a letter to Kashi pursuant to the Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1782) on March 22, 2011. Id. at 7. The Faruqi & Faruqi firm ("Faruqi") states that it reviewed legal documents related to Kashi's business practices, looked into the makeup of Kashi's products, and investigated the "all natural" claims made by Kashi. (Doc. No. 33 at 8.) The Stember/Faruqi Group asserts that they continue to investigate the claims in this action. Id. at 9.

The Berg/Golan Group states that they conducted extensive factual and legal investigation and filed the first complaint in Bates on August 24, 2011. (Doc. No. 23-1 at 4).

This group reports that they methodically investigated the ingredients Defendants used in their food products, the sources of those ingredients, food ingredient production methods, Defendants' knowledge thereof, differences in molecular structures of various ingredient formulations, and the health and environmental effects thereof. Id. at 5. They also explained their research into federal food-related regulations, FDA policy, and common law precedent on food-labeling issues. Id. at 6. This group states that they have retained experts in food science and damages, met with consumer groups and Kellogg's counsel, and initiated laboratory testing of Kashi products. (Doc. No. 35 at 7.) The Berg/Golan Group asserts that they continue to investigate and develop legal claims in this matter. (Doc. No. 23-1 at 6.)

The Court recognizes that both groups of attorneys have completed substantial work towards identifying and investigating potential claims in this action. The Court concludes that this factor weighs slightly in favor of the Berg/Golan Group because they filed the first complaint and retained food science and damage experts.

**ii. Counsel's Experience in Handling Class Actions and Other Complex Litigation**

The Court next considers under Rule 23(g)(1)(A) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action. The Stember/Faruqi Group states that they have been appointed lead counsel in numerous consumer class actions in California and elsewhere. (Doc. No. 28 at 1.) This group has over 40 years of combined experience leading and litigating consumer class actions. Id. The Stember firm asserts that they have extensively and successfully litigated several actions on behalf of consumers for misrepresentations on food labels in violation of federal regulations and California laws. (Doc. No. 17 at 9.) Stember reports that they previously litigated three cases involving products that were labeled as "all natural." Id. Faruqi asserts that they focuses their entire practice solely on class action litigation. (Doc. No. 33 at 7.) Faruqi reports that they previously litigated one case involving an "all natural" product line. (Doc. No. 17 at 11.)

The Berg/Golan Group states that they have extensive experience litigating complex class actions and other representative actions. (Doc. No. 23-1 at 6.) Berg & Androphy ("Berg") asserts that they have been appointed as lead counsel in numerous class and

1  representative *qui tam* actions. Id. at 7. Berg reports that they previously obtained a settlement
2  in a case involving food-related fraud. Id. at 10.

3  Both groups of attorneys have relevant experience in litigating complex cases. Of
4  particular relevance to the instant case, the Stember/Faruqi Group has more experience
5  litigating consumer class actions and, specifically, cases involving food labeling issues.[2]
6  Therefore, the Court concludes that the second factor weighs in favor of appointing the
7  Stember/Faruqi Group as interim co-lead counsel.

**iii. Counsel's Knowledge of the Applicable Law**

9  The Court additionally considers under Rule 23(g)(1)(A) counsel's knowledge of the
10  applicable law. The Stember/Faruqi Group states that their experience in class action litigation
11  provides them with the knowledge and familiarity of relevant statutes and court procedures to
12  effectively prosecute this case. (Doc. No. 17 at 14.) The Berg/Golan Group states that their
13  experience in representing clients, classes, and governments in cases involving white collar
14  crimes, fraud, and other deceptive conduct provides them with the skill and knowledge
15  required to effectively prosecute this case. (Doc. No. 23-1 at 12.) The Court concludes that
16  each applicant firm has sufficient knowledge to effectively serve as interim co-lead counsel
17  in this action.

**iv. Resources That Counsel Will Commit to Representing the Class**

19  Finally, the Court considers under Rule 23(g)(1)(A) the resources that counsel will
20  commit to representing the potential class. The Stember/Faruqi Group states that they have
21  the resources necessary to litigate this case. (Doc. No. 17 at 14.) The Faruqi firm reports that
22  it has thirty-four attorneys that focus their practice on class action litigation. (Doc. No. 33 at
23  13.) The Stember firm reports that it has sixteen attorneys. Id. Combined, the proposed co-
24  lead counsel for the Stember/Faruqi Group has fifty attorneys.

---

[2] The Court rejects the Berg/Golan Group's claim that the additional litigation experience of the Stember/Faruqi Group precludes their appointment as interim class counsel due to a conflict of interest. The Court fails to see an actual or potential conflict of interest sufficient to divide the loyalties of the Stember/Faruqi Group or compromise their responsibility to absent class members.

1    The Berg/Golan Group states that they have and will continue to commit all necessary resources required to zealously prosecute this action and adequately represent the class. (Doc. No. 23-1 at 11). The Berg firm reports that it has eleven attorneys. Id. at 6. Ms. Yvette Golan is an independent attorney at The Golan Law Firm. Id. at 7.

Both groups of attorneys have appreciable resources that they are willing to commit to representing the potential class. But the Stember/Faruqi Group has greater collective resources. Accordingly, the Court determines that the fourth factor weighs in favor of appointing the Stember/Faruqi Group as interim co-lead counsel.

**v. Conclusion**

After carefully considering and balancing the relevant factors required under Rule 23(g)(1)(A), the Court concludes that the Stember/Faruqi Group is best able to represent the interests of the potential class.

**II. Scheduling Order**

Both the Stember/Faruqi motion and the Berg/Golan motion request the Court to require any subsequently filed related case to be automatically assigned to this Court in a proposed pretrial order. (Doc. Nos. 17 & 23.) The Court declines to bypass the case assignment procedures outlined in the Local Rules. See S.D. Cal. Civ. R. 40.1. Additionally, Defendants object to the proposed pretrial order. Accordingly, Defendants may file any opposition to the proposed pretrial order by **January 25, 2012**. Interim co-lead counsel may file an opposition by **February 1, 2012**. Additionally, the Court orders interim co-lead counsel to file a consolidated amended complaint by **February 18, 2012**.

///
///
///
///
///
///
///

**Conclusion**

After careful consideration of the applicant groups in light of Rule 23(g)(1)(A), the Court is satisfied that each group of attorneys appears qualified to represent the interests of the potential class in this litigation. The Court concludes that the qualifications of the Stember/Faruqi Group places them in a better position to represent the interests of the potential class. Accordingly, the Court grants the Stember/Faruqi Group's motion for appointment of interim co-lead counsel and denies the Berg/Golan Group's motion for appointment of interim co-lead counsel. The Court compliments both groups of attorneys for their informative presentations on this matter.

**IT IS SO ORDERED.**

DATED: January 18, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT