# EXHIBIT B

# CLAIMS ADMINISTRATION PROTOCOLS

These Claims Administration Protocols ("Protocols") are part of the Stipulations of Settlement (collectively "Stipulations") entered into by the Parties in both *Astiana, et al. v. Kashi Company*, Case No. 11 CV 1967-H-BGS (S.D. Cal.) (the "Kashi Lawsuit") and *Thurston, et al. v. Bear Naked, Inc.*, Case No. 11 CV 2890-H-BGS (S.D. Cal.) (the "Bear Naked Lawsuit").

All provisions of the Stipulations are incorporated into these Protocols by reference, including, without limitation, all definitions. All capitalized terms used here shall have the same meaning given them in the Stipulations. These Protocols shall define the duties of the Class Action Settlement Administrator retained to implement the claims process as described in § V.C of the Stipulations. All references to "§" shall be to the Stipulations, unless otherwise noted.

**B.1    Appointment of Class Action Settlement Administrator**

The All Natural Class Action Settlement Administrator shall be selected pursuant to § V.C of the Stipulations, and subsequently approved by the Court.

**B.2    Agreement by Class Action Settlement Administrator**

The Class Action Settlement Administrator must consent in writing to serve, and shall abide by the obligations of the Stipulations and these Protocols by executing a counterpart of these Protocols prior to the Preliminary Approval Hearings in the Kashi Lawsuit and the Bear Naked Lawsuit.

**B.3    Control of Settlement Fund**

The Settlement Funds described in § IV.A.2 of the Stipulations shall be maintained separately in a Kashi Account and a Bear Naked Account by an independent financial institution, jointly selected by Class Counsel in the two lawsuits and approved by Defendants' Counsel, that is unaffiliated with the Class Action Settlement Administrator, Defendants, Plaintiffs or Class Counsel (the "Fund Institution"). The Class Action Settlement Administrator shall have no authority under any circumstances to withdraw or disburse any funds from the Settlement Funds directly.  Disbursements from either of the Settlement Funds pursuant to the Distribution Plan of the Class Action Settlement Administrator as provided by § IV.A.2 and these Protocols shall occur only upon written instructions of the respective Class Counsel and Defendants' Counsel to the Fund Institution. However, the Class Action Settlement Administrator shall have access to information from the Fund Institution about the balance in the Settlement Funds as necessary for the Class Action Settlement Administrator to perform its calculations in preparing the Distribution Plan.

**B.4    Conflicts of Interest**

The Class Action Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer claims. The Class Action Settlement Administrator shall not process the claim of any Class Member if the Class Action Settlement Administrator,

Defendants, and/or Class Counsel or Defendants' Counsel determines there is a conflict of interest. If the Class Action Settlement Administrator, Defendants, or Class Counsel learns of a conflict of interest as to a claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution. The Class Action Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Class Action Settlement Administrator's breach of this provision.

**B.5     Timing**

The Class Action Settlement Administrator shall begin the claims processes for both the Kashi Lawsuit and the Bear Naked Lawsuit so they are completed within the time provided in § IV.A.7. Pursuant to § IV.A.6.b, the signed Claim Forms of Settlement Class Members seeking cash payments under these settlements must be postmarked or submitted online no later than eight (8) days before the Settlement Hearing (the "Claims Deadline"). In no event shall payments be made to Class Members prior to the date provided for funding of the Settlement Funds in § IV.A.7, and preparation of the Distribution Plan ("Claims Payment Date").

**B.6     Maintenance and Preservation of Records**

The Class Action Settlement Administrator shall keep clear and careful records of all communications with Claimants, all claims decisions, all expenses, and all tasks performed in administering the claims process, with separate records kept for the Kashi Settlement and for the Bear Naked Settlement.

**B.7     Method of Submitting Claims**

Claims may be submitted on the Claim Form in hard copy by mail, or online through an Internet-based Claim Form. The Class Action Settlement Administrator shall establish and maintain a special Internet site, easily accessible through commonly used Internet Service Providers, for the submission of claims. The Internet site may be the same site as the Settlement Website. The site shall be maintained continuously until seven (7) days after the Effective Date. The site address shall be identified in the Class Notice. The Class Notice shall specify that claims must be submitted before the Claims Deadline. The Class Action Settlement Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them. The Claim Forms on the Internet site and the hard copy Claim Forms shall be identical in content and shall conform with § B.8, below. The Class Action Settlement Administrator also shall establish a toll-free number which will have recorded information answering questions about the claims submission process in both English and Spanish language.

**B.8     Claim Forms**

All claims shall be submitted on Claim Forms substantially in the form attached to the Stipulations as Exhibit A. Claimants may fill out the Claim Form electronically via the website,

and such Claimants shall be required to electronically verify that they are submitting information under penalty of perjury when required for a claim made pursuant to these protocols.

### B.9 Approval or Denial of Claims

After the Claims Deadline, the Class Action Settlement Administrator shall gather all Claim Forms with any written proof of purchases, whether submitted by internet website or by mail. No later than 15 days after the Effective Date, the Class Action Settlement Administrator shall identify and provide notice to Claimants that will not be paid ("Rejected Claims"), advising them of the opportunity and deadline of 45 days after the Effective Date to appeal. Thereafter, before the Claims Payment Date, the Class Action Settlement Administrator shall consider any appeals from Rejected Claims and shall identify all claims which will be paid and the amount of each such payment ("Approved Claims"). The Class Action Settlement Administrator shall determine whether claims are Approved Claims or Rejected Claims, subject to *pro rata* reduction, by the following criteria.

### B.9.1  Duplicative Claims

No Claimant may submit more than one Claim Form, two or more Claimants may not submit Claim Forms for all or part of the same purchase, and only one Claimant per household may submit a Claim Form that is not accompanied by written proof of purchase.  After the Claims Deadline but before considering any claims, the Class Action Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Claimant or for the same purchase(s) ("Duplicative Claim Forms"). The Class Action Settlement Administrator shall determine whether there is any duplication of claims, if necessary by contacting the Claimant(s) or their counsel. The Class Action Settlement Administrator shall designate any such Duplicative Claims as Rejected Claims to the extent they allege the same damages or allege damages on behalf of the same Claimant.

### B.9.2  Claim Amounts

For all Claims, the Class Action Settlement Administrator shall examine the Claim Form along with any written proof of purchase submitted before designating the claim as an Approved Claim, to determine that the information on the Claim Form is sufficiently completed to permit a check to be prepared and mailed to the Claimant. The Class Action Settlement Administrator in its discretion may examine and verify a random sample of Claims to prevent fraud and abuse and take other steps to prevent fraud and abuse. Absent fraud or abuse, payment shall be made from the Kashi Settlement Fund based on the number of packages of the specified Kashi Products the Claimant indicates on the Claim Form were purchased between August 24, 2007 and May 1, 2014, with the possible recovery capped at $25.00 if the Claimant has failed to submit written proof of purchase for the purchases. Similarly, absent fraud or abuse, payment shall be made from the Bear Naked Settlement Fund based on the number of packages of the specified Bear Naked Products the Claimant indicates on the Claim Form were purchased between September 21, 2007 and May 1, 2014, with the possible recovery capped at $10.00 if the Claimant has failed to submit written proof of purchase for the purchases.  If a Claim Form fails to indicate the number of packages purchased, then the Claimant will be paid as if the Claimant indicated the

purchase of one package. If after all valid claims are paid money remains in the Settlement Funds, the Class Action Settlement Administrator, after consultation with Class Counsel and Defendant's Counsel, shall use any remaining amount in the Kashi Settlement Fund to increase *pro rata* the recovery on each eligible Kashi claim and any remaining amount in the Bear Naked Settlement Fund to increase *pro rata* the recovery on each eligible Bear Naked claim.

### B.9.3   Untimely or Incomplete Claims

The Class Action Settlement Administrator shall, in its discretion, decide whether to accept Claim Forms submitted after the Claims Deadline. In deciding whether to accept a late-submitted Claim Form, the Class Action Settlement Administrator shall take into account whether enough money exists in the applicable Settlement Fund to pay all valid and timely submitted claims in full, and the length of time the Claim Form was submitted after the Claims Deadline, including whether the late-submitted claim would delay the distribution of the Settlement Fund to Claimants and the reasons for the late submission of the Claim Form. Whenever reasonably possible, if a Claim Form is valid but untimely, it shall be paid provided the Settlement Fund is sufficient to pay in full all valid and timely submitted claims. In the event the Class Action Settlement Administrator determines that the Claim Form is materially incomplete, but may be cured by the Claimant, the Class Action Settlement Administrator shall contact the Claimant to cure any deficiency with the Claim Form, if reasonably practical.

### B.10   Distribution Plan

Within 60 days after the Effective Date, the Class Action Settlement Administrator shall deliver the Distribution Plan to Defendants and Class Counsel for approval. Upon specific request by Defendants or Class Counsel or Defendants' Counsel, the Class Action Settlement Administrator also shall provide all information gathered in investigating the claims including copies of all correspondence and emails and all notes of the Class Action Settlement Administrator, the decision reached, and all reasons supporting the decision.

### B.11   Class Action Settlement Administrator's Fees and Expenses

As provided in § V.C of the Kashi Stipulation, the cost of the Class Action Settlement Administrator for administering the Kashi Settlement shall be paid out of the Kashi Settlement Fund. The Class Action Settlement Administrator shall take all reasonable efforts to administer the claims efficiently and avoid unnecessary fees and expenses. The Class Action Settlement Administrator shall respond promptly to inquiries by Class Counsel and Defendants' Counsel. The cost of the Class Action Settlement Administrator for administering the Bear Naked Settlement shall be borne by the Class Action Settlement Administrator, with no costs or expense charged to the Kashi Settlement Fund or to the Bear Naked Settlement Fund.

### B.12   Access to Information from the Class Action Settlement Administrator

The Parties are entitled to observe and monitor the performance of the Class Action Settlement Administrator to assure compliance with the Stipulation and the Claims Protocols.

The Class Action Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendants, Class Counsel or Defendants' Counsel.