| | |
|---|---|
| FEINSTEIN DOYLE PAYNE & KRAVEC, LLC | JENNER & BLOCK LLP |
| Joseph N. Kravec, Jr. | Kenneth K. Lee (Cal. Bar No. 264296) |
| Wyatt A. Lison | klee@jenner.com |
| 429 Forbes Avenue | Kate T. Spelman (Cal. Bar No. 269109) |
| Allegheny Building, 17th Floor | kspelman@jenner.com |
| Pittsburgh, PA  15219 | 633 West 5th Street, Suite 3600 |
| Telephone:  (412) 281-8400 | Los Angeles, CA  90071 |
| | Phone: (213) 239-5100 |
| | Fax:    (213) 239-5199 |
| FARUQI & FARUQI, LLP | JENNER & BLOCK LLP |
| Nadeem Faruqi | Dean N. Panos (*pro hac vice*) |
| Antonio Vozzolo | dpanos@jenner.com |
| Andrea Clisura | 353 North Clark Street |
| 369 Lexington Avenue, 10th Floor | Chicago, IL  60654 |
| New York, NY  10017 | Phone: (312) 222-9350 |
| Telephone:  (212) 983-9330 | Fax:    (312) 527-0484 |
| ***Counsel for Plaintiffs*** | ***Counsel for Defendant Kashi Company*** |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE ASTIANA, MILAN BABIC, TIMOTHY BOLICK, JOE CHATHAM, JAMES COLUCCI, TAMARA DIAZ, MARTHA ESPINOLA, TAMAR LARSEN, MARY LITTLEHALE and KIMBERLY S. SETHAVANISH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KASHI COMPANY, a California Corporation, <br><br> Defendant. | Case No. 11 CV 1967 H (BGS) <br><br> **STIPULATION OF SETTLEMENT** |

    This Stipulation of Settlement is made and entered into by and among Plaintiffs Skye Astiana,

Milan Babic, Tamara Diaz, Tamar Larsen, and Kimberly S. Sethavanish ("Plaintiffs"), on behalf of

themselves and each of the Settlement Class Members, and Defendant Kashi Company ("Defendant"

or "Kashi") (collectively, the "Parties").

1

1

I.      RECITALS

2

A.      In 2011, the following putative class action complaints were filed against Kashi and

3

other related Defendants in the United States District Court for the Southern District of California:

4

Bates v. Kashi Company, et al., 3:11-cv-1967; Babic v. Kashi Company, 3:11-cv-02816; Espinola v.

5

Kashi Company, 3:11-cv-02629 (initially filed in the United States District Court for the Central

6

District of California (11-cv-8534)); Diaz v. Kashi Company, et al., 11:cv-2256; Chatham v. Kashi

7

Company, et al., 11-cv-2285; Sethavanish, et al. v. Kashi Company, 11-cv-02356 (initially filed in the

8

United States District Court for the Northern District of California (11-cv-4453)); and Baisinger v.

9

Kashi Company, 11-cv-2367 (initially filed in the United States District Court for the Northern

10

District of California (11-cv-4581)) (collectively "the Original Complaints").

11

B.      On November 28, 2011, the Court ordered the consolidation of the related actions.

12

(ECF No. 16 (naming Bates the lead case; ordering consolidation of Diaz, Chatham, Sethavanish and

13

Baisinger cases); see also ECF No. 22 (ordering consolidation of Espinola case); ECF No. 8 in 3:11-

14

cv-2816 (ordering consolidation of Babic case).)  On January 18, 2012, the Court appointed the law

15

firms of Stember Feinstein Doyle & Payne, LLC and Faruqi & Faruqi, LLP as interim co-lead

16

counsel.  (ECF No. 41.)

17

C.      On February 21, 2012, Plaintiffs filed a Consolidated Amended Complaint For

18

Damages, Equitable, Declaratory and Injunctive Relief against Kashi Company, Kashi Sales LLC and

19

Kellogg Company (Case No. 3:11-cv-01967) (the "Consolidated Amended Complaint"), which

20

amended and superseded the above-referenced Original Complaints.  (ECF No. 49.)

21

D.      In the Consolidated Amended Complaint, which was filed as a putative class action,

22

Plaintiffs allege that they bought certain Kashi food products based, at least in part, on allegedly

23

misleading statements printed on the products' labels that the products were "All Natural" or

24

"Nothing Artificial."  Plaintiffs allege that, based on the labels, they believed the products contained

25

no synthetic or artificial ingredients and therefore paid a premium price for the products.  Plaintiffs

26

further allege that the products that bore the "All Natural" or "Nothing Artificial" labels contained

27

28

2

certain unnatural, synthetic or artificial ingredients.  Plaintiffs further allege that they either would not have purchased the products or would have paid less for the products had they known at the time of purchase that the products contained ingredients that were unnatural, synthetic or artificial.

E.      On April 6, 2012, Defendants filed a motion to dismiss the Consolidated Amended Complaint.  (ECF No. 61.)  Plaintiffs opposed Defendants' motion to dismiss.

F.      On July 16, 2012, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss.  (ECF No. 79.)  The Court dismissed all of Plaintiffs' claims against Kashi Sales, LLC and Kellogg Company.  The Court also dismissed Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") causes of action, common law fraud cause of action, and claim for unjust enrichment.  The Court denied the remaining portions of Defendants' motion to dismiss the Consolidated Amended Complaint.

G.      On April 15, 2013, Plaintiffs filed a motion for class certification.  (ECF No. 108.) Kashi opposed Plaintiffs' motion for class certification.

H.      On July 30, 2013, the Court entered an Order granting in part and denying in part Plaintiffs' motion for class certification.  (ECF No. 148.)  The Court appointed Faruqi & Faruqi, LLP and Feinstein Doyle Payne & Kravec, LLC as co-lead counsel.

I.      On August 12, 2013, Kashi filed a Petition For Permission To Appeal Under Federal Rule of Civil Procedure 23(f) in the United States Court of Appeals for the Ninth Circuit.

J.      On October 22, 2013, the Ninth Circuit denied Kashi's petition for permission to appeal the District Court's class certification ruling.

K.      On October 24, 2013, Kashi filed a motion to modify the Court's July 30, 2013 class certification order.  (ECF No. 182.)  Plaintiffs opposed Kashi's motion.

L.      On November 22, 2013, the Court denied Kashi's motion to modify the Court's class certification order.  (ECF No. 203.)

M.      On October 23, 2013 and December 5, 2013, Class Counsel, Defendant and Defendant's Counsel participated in mediations conducted by the Honorable Howard B. Weiner (ret.)

at which they reached a tentative settlement.  Subsequent to those sessions, the Parties engaged in protracted, extensive, and hard-fought settlement negotiations.  As a result of those negotiations, the Parties agreed to settle the Litigation pursuant to the terms set forth in this Stipulation of Settlement.

N.     Based upon Class Counsel's investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, including the completion of all merits discovery in this action and the parties' exchange of trial expert reports on liability and damage issues, Plaintiffs and Class Counsel agreed to settle the Litigation pursuant to the provisions of this Stipulation after considering, among other things:  (1) the substantial benefits available to the Class under the terms herein; (2) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Stipulation to provide effective relief to the Class and to end the conduct at issue.

O.     Kashi has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs.  Kashi has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

P.     Nonetheless, Kashi has concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendant also has taken into account the uncertainty and risks inherent in any litigation.  Kashi, therefore, has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

Q.     This Stipulation effectuates the resolution of disputed claims and is for settlement purposes only.

II.     DEFINITIONS

A.     As used in this Stipulation the following capitalized terms have the meanings specified below.  Unless otherwise indicated, defined terms include the plural as well as the singular.

1.      "Challenged Ingredients" means one of more of the following ingredients: pyridoxine hydrochloride, calcium pantothenate,  hexane-processed soy ingredients, ascorbic acid, calcium phosphate, glycerin, monocalcium phosphate, sodium phosphate, potassium bicarbonate, potassium carbonate, sodium acid pyrophosphate, sodium citrate, alpha tocopherol acetate, mixed tocopherols, tocopherol acetate, and/or xanthan gum.

2.      "Claim Form" means the documents to be submitted by Claimants seeking payment pursuant to this Stipulation that will be available online at the Settlement Website, substantially in the form attached hereto as Exhibit A and discussed in § IV.A.5 of this Stipulation.

3.      "Claimant" means a Settlement Class Member who submits a claim for payment as described in § IV of this Stipulation.

4.      "Claims Administration Protocols" means the protocols set forth in the Claims Administration Protocols, attached as Exhibit B.

5.      "Class" means all California residents who purchased any package of the Products during the Settlement Class Period.  Excluded from the Class are:  (a) Kashi's employees, officers and directors; (b) persons or entities who purchased the Products for the purpose of re-sale; (c) retailers or re-sellers of the Products; (d) governmental entities; (e) persons who timely and properly exclude themselves from the Class as provided herein; and (f) the Court, the Court's immediate family, and Court staff.

6.      "Class Action Settlement Administrator" means, subject to Court approval, The Garden City Group, Inc., which will provide the Class Notice and administer the claims process.

7.      "Class Counsel" means, subject to Court approval to represent the Settlement Class, the attorneys appointed as class counsel by the Court's July 30, 2013 Order (ECF No. 148) and means the following individuals:

Joseph N. Kravec, Jr.
Wyatt A. Lison
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
Telephone:  (412) 281-8400

Nadeem Faruqi
Antonio Vozzolo
Andrea Clisura
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 983-9330

8.      "Class Notice" means, collectively, the "Notice of Class Action Settlement" and the "Publication Notice," substantially in the forms attached hereto as Exhibit C and Exhibit D, respectively, and discussed in § V of this Stipulation, but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court.

9.      "Class Representatives" means, subject to Court approval, Skye Astiana, Milan Babic, Tamara Diaz, Tamar Larsen and Kimberly S. Sethavanish.

10.      "Court" means the United States District Court for the Southern District of California.

11.      "Defendant" means the Kashi Company.

12.      "Defendant's Counsel" means the following individuals:

Dean N. Panos
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2765

Kenneth K. Lee
Jenner & Block LLP
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100

13.      "Effective Date" means the date on which all of the conditions of settlement have been satisfied, as discussed in § IX of this Stipulation.

14.      "Final Judgment" means the "Final Judgment And Order of Dismissal" to be entered by the Court, substantially in the form attached hereto as Exhibit E, which, among other things, fully and finally approves the Settlement and dismisses the Consolidated Amended Complaint with prejudice.

15.      "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Representative Plaintiffs from the Settlement Fund.

16. "Litigation" means the lawsuit captioned <u>Astiana, et al. v. Kashi Company</u>, Case No. 11-CV-01967 (S.D. Cal.), consisting of the Consolidated Amended Complaint and the Original Complaints.

17. "Notice Deadline" is fifty (50) days after the Court enters the Preliminary Approval Order and means the deadline for all notifications discussed in the media plan (attached as Exhibit G).

18. "Party" or "Parties" means the Plaintiffs and Defendant in this Litigation.

19. "Person" means a natural person, individual, corporation, partnership, association, or any other type of legal entity.

20. "Plaintiffs" means the class representatives Skye Astiana, Milan Babic, Tamara Diaz, Tamar Larsen and Kimberly S. Sethavanish, on behalf of themselves and each of the Settlement Class Members.

21. "Plaintiffs' Counsel" means Class Counsel and the following individuals:

Behram V. Parekh
Heather M. Baker
Michael L. Kelly
Kirtland & Packard, LLP
2041 Rosecrans Avenue, Third Floor
El Segundo, CA  90245
Telephone:  (310) 536-1000

Janet Lindner Spielberg
Law Office of Janet Lindner Spielberg
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA  90025
Telephone:  (310) 392-8801

Joseph N. Kravec, Jr.
Wyatt A. Lison
Feinstein Doyle Payne & Kravec, LLC
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA  15219
Telephone:  (412) 281-8400

Michael David Braun
Braun Law Group PC
10680 West Pico Boulevard, Suite 280
Los Angeles, CA  90064
Telephone:  (310) 836-6000

Jacob Goldberg
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046
Telephone:  (215) 277-5770

Nadeem Faruqi
Antonio Vozzolo
Andrea Clisura
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 983-9330

Rosemary M. Rivas
Finkelstein Thompson LLP
505 Montgomery Street, Suite 300
San Francisco, CA  94111
Telephone:  (415) 398-8700

David E. Bower
Faruqi & Faruqi, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884

Jason S. Hartley
Stueve Siegel Hanson, LLP
550 West C Street, Suite 1750
San Diego, CA 92101
Telephone: (619) 400-5822

Marc L. Godino
Glancy, Binkow & Goldberg, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

22.     "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Providing For Notice and Scheduling Order," substantially in the form of Exhibit F attached hereto, which, among other things, preliminarily approves this Stipulation, certifies the settlement-only class, provides for notification to the Settlement Class and sets the schedule for the Settlement Hearing.

23.     "Products" means Kashi products labeled as "All Natural" or "Nothing Artificial" and containing any of the Challenged Ingredients.  A list of such products is set forth below:

        GoLean Chewy Chocolate Almond Toffee Protein & Fiber Bars
        GoLean Chewy Cookies and Cream Protein & Fiber Bars
        GoLean Chewy Malted Chocolate Crisp Protein & Fiber Bars
        GoLean Chocolate Malted Crisp Protein & Fiber Bars
        GoLean Chewy Oatmeal Raisin Cookie Protein & Fiber Bars
        GoLean Chewy Peanut Butter Chocolate Protein & Fiber Bars
        GoLean Chocolate Malted Crisp Protein & Fiber Bar
        GoLean Crunchy! Chocolate Almond Protein & Fiber Bars
        GoLean Crunchy! Chocolate Caramel Protein & Fiber Bars
        GoLean Crunchy! Chocolate Peanut Protein & Fiber Bars
        GoLean Crunchy! Chocolate Pretzel Protein & Fiber Bars
        GoLean Crunchy! Cinnamon Coffee Cake Protein & Fiber Bars
        GoLean Oatmeal Raisin Protein & Fiber Bar
        GoLean Peanut Butter & Chocolate Protein & Fiber Bar
        GoLean Roll! Caramel Peanut Protein & Fiber Bar
        GoLean Roll! Chocolate Peanut Protein & Fiber Bar
        GoLean Roll! Chocolate Turtle Protein & Fiber Bar
        GoLean Roll! Fudge Sundae Protein & Fiber Bar
        GoLean Roll! Oatmeal Walnut Protein & Fiber Bar
        TLC Baked Apple Spice Soft-Baked Snack Bars
        TLC Blackberry Graham Soft-Baked Snack Bars
        TLC Cherry Dark Chocolate Chewy Granola Bars

TLC Cherry Vanilla Soft-Baked Snack Bars
TLC Cranberry Walnut Fruit & Grain Bars
TLC Cranberry Walnut Layered Granola Bars
TLC Dark Chocolate Coconut Fruit & Grain Bars
TLC Dark Chocolate Coconut Layered Granola Bar
TLC Dark Mocha Almond Chewy Granola Bars
TLC Honey Almond Flax Chewy Granola Bars
TLC Honey Toasted 7 Grain Granola Bars
TLC All Natural Chewy Granola Bar in Honey Toasted
Kashi TLC Crunchy Granola Bar Honey Toasted 7 Grain
TLC Peanut Peanut Butter Chewy Granola Bars
TLC Peanutty Dark Chocolate Layered Granola Bar
TLC Pumpkin Pie Fruit & Grain Bars
TLC Pumpkin Pecan Layered Granola Bar
TLC Pumpkin Pecan Fruit & Grain Bars
TLC Pumpkin Spice Flax Crunchy Granola Bars
TLC Raspberry Chocolate Fruit & Grain Bars
TLC Raspberry Chocolate Layered Granola Bar
TLC Ripe Strawberry Soft-Baked Snack Bars
TLC Roasted Almond Crunch Crunchy Granola Bars
TLC Trail Mix Chewy Granola Bars
7 Grain Waffles
Blueberry Waffles
GoLean Blueberry Waffles
GoLean Strawberry Flax Waffles
GoLean Original 7 Grain Waffles
Berry Blossoms Squares Cereal
GoLean Crisp Toasted Berry Crumble Cereal
GoLean Crunch Cereal
GoLean Crunch Honey Almond Flax Cereal
Honey Sunshine Squares Cereal
Cocoa Beach Granola
Mountain Medley Granola
Summer Berry Granola
GoLean Chocolate Shake
GoLean Vanilla Shake
GoLean Creamy Instant Hot Cereal Truly Vanilla
GoLean Hearty Instant Hot Cereal with Clusters Honey & Cinnamon
TLC Country Cheddar Cheese Crackers
TLC Honey Sesame Snack Crackers
TLC Original 7 Grain with Sea Salt Pita Crisps
Kashi Pita Crisps Zesty Salsa
Kashi TLC Crackers Asiago Cheese
Kashi TLC Crackers Toasted Asiago
Kashi TLC Entertainer Cracker - Mediterranean Bruchetta
Kashi TLC Crackers Party Mediterranean Bruschetta
Kashi TLC Entertainer Cracker - Stoneground 7 Grain
Kashi TLC Crackers Party Stoneground 7 Grain

9

Kashi TLC Crackers Fire Roasted Vegetable
Kashi TLC Entertainer Cracker - Garlic and Thyme
Kashi TLC Entertainer Cracker - Stoneground 7 Grain
Kashi TLC Entertainer Cracker - Original 7 Grain
Kashi TLC Crackers Original 7 Grain
Kashi TLC Crackers-Natural Ranch
TLC Happy Trail Mix Chewy Cookies
TLC Oatmeal Dark Chocolate Chewy Cookies
TLC Oatmeal Raisin Flax Chewy Cookies
Kashi Entrée Chicken Florentine
Kashi Chicken Pasta Pomodoro
Kashi Entrée Lemongrass Coconut Chicken
Kashi Entrée Mayan Harvest Bake
Kashi Entrée Pesto Pasta Primavera
Kashi Entrée Southwest Style Chicken
Kashi Entrée Spicy Black Bean Enchilada
Kashi Tuscan Veggie Bake
Kashi Pizza Caribbean Carnival
Kashi Pizza 5 Cheese & Tomato
Kashi Pizza Margherita
Kashi Pizza Margherita – Thin Crust
Kashi Pizza Margherita – Stone-Fired Thin Crust
Tomato Garlic Cheese Stone-Fired Thin Crust Pizza
Kashi Pizza Mexicali Black Bean
Kashi Pizza Mushroom Trio & Spinach
Kashi Pizza Mushroom Trio & Spinach – Thin Crust
Kashi Pizza Basil Pesto
Kashi Pizza Basil Pesto – Stone-Fired Thin Crust
Kashi Pizza Roasted Garlic Chicken
Kashi Pizza Roasted Vegetable
Kashi Pizza Roasted Vegetable – Thin Crust
Heart to Heart Honey Oat Waffles
Heart to Heart Honey Toasted Oat Cereal
Heart to Heart Instant Oatmeal Apple Cinnamon
Heart to Heart Instant Oatmeal Golden Maple
Heart to Heart Instant Oatmeal Raisin Spice
Heart to Heart Oat Flakes & Blueberry Clusters Cereal
Heart to Heart Blueberry Cereal
Heart to Heart Roasted Garlic Whole Grain Crackers
Heart to Heart Warm Cinnamon Oat Cereal
Heart to Heart Original Whole Grain Crackers

24.     "Released Claims" shall be construed as broadly as possible to effect complete

finality over this Litigation, and means, with the exception of claims for personal injury, any and all

actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that arose

during the Settlement Class Period against the Released Persons, including damages, costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity arising out of or relating to Kashi's packaging, marketing, distribution or sale of food products labeled as "All Natural" or "Nothing Artificial", which have been asserted by the Class in the Plaintiff's Consolidated Amended Complaint or in any of the Original Complaints.

25.     "Released Persons" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means and includes Kashi and its past and present direct and indirect corporate parents (including without limitation Kellogg Company), subsidiaries and affiliates (including without limitation Kashi Sales, LLC), joint-ventures, partners, members, divisions, distributors, wholesalers, retailers, re-sellers, licensors, suppliers, officers, directors, employees, shareholders, agents, attorneys, administrators, successors, predecessors, insurers, spokespersons, public relations firms, advertising and production agencies and assigns of all such persons or entities.

26.     "Settlement Class Member(s)" or "Member(s) of the Settlement Class" means a member of the Class who has not been properly excluded from the Class.

27.     "Settlement Class Period" means the period from August 24, 2007 up to and including May 1, 2014.

28.     "Settlement Fund" means the common fund discussed in § IV.A.2 of this Stipulation.

29.     "Settlement Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement of this Litigation as contained in this Stipulation should be finally approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Stipulation should be entered.  The Parties shall ask the Court to schedule a date for the Settlement Hearing 120 days after the Court enters the Preliminary Approval Order.

30.     "Settlement Website" means the website to be created for this settlement that will include information about the Litigation and the settlement, relevant documents and electronic and printable forms relating to the settlement, including the Claim Form which can be submitted

online or printed and mailed.  The Settlement Website shall be activated no later than seven (7) days after the Court enters the Preliminary Approval Order.

       31.    "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Class Counsel and counsel for Defendant.

    B.    Other capitalized terms used in this Stipulation but not defined above shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## III.    CERTIFICATION OF THE SETTLEMENT CLASS

    Kashi hereby consents, solely for purposes of the settlement set forth herein, to the certification of the Settlement Class, to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional approval of Plaintiffs as suitable representatives of the Class; provided, however, that if this Stipulation fails to receive Court approval or otherwise fails to be consummated, including, but not limited to, the Judgment not becoming final as provided in § IX.C of this Stipulation, then Kashi retains all rights it had immediately preceding the execution of this Stipulation to object to the maintenance of this Litigation as a class action by Class Counsel, and in that event, nothing in this Stipulation or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, whether the Class is ascertainable, or whether Class Counsel or the Plaintiffs can adequately represent the Settlement Class Members under applicable law.

## IV.    SETTLEMENT RELIEF

    The settlement relief includes cash payments and non-monetary relief.

    A.    **Cash Payments**

        1.    **Class Members' Cash Recovery**

    a. <u>With Proof of Purchase</u>:  Class members may seek reimbursement of $0.50 per package for every Product purchased during the Settlement Class Period, for which they can present written proof of purchase in the form of a receipt or a retail rewards submission.

    b. <u>Without Proof of Purchase</u>:  Class members may make a claim for every Product for which they submit a valid Claim Form.  Class members may seek reimbursement at $0.50 per package for every Product purchased during the Settlement Class Period, with a maximum recovery of $25 per household.

    c. Class Members may obtain relief under both Paragraphs IV.A.1(a), and (b) with the appropriate paper work and subject to the maximum recovery amounts permitted for each type of claim.

    d. Claimants may seek reimbursement by submitting a Claim Form either by mail or electronically.  Each Claim Form will be signed (electronic or manual) under penalty of perjury.  The actual amount paid to individual Claimants will depend upon the number of valid claims made.  Adequate and customary procedures and standards will be used by the Class Action Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.

   2. **Settlement Fund**

    a. In accordance with the payment schedule set forth in § IV.A.7, below, Defendant shall pay $5.0 million, less any costs associated with the Class Action Settlement Administrator paid by Kashi prior to that time, in trust to a third party institution (the "Fund Institution") to be approved by the Parties to establish an interest bearing, non-reversionary settlement fund for payments made pursuant to this section.

    b. The Settlement Fund shall be applied to pay in full and in order: (i) any necessary taxes and tax expenses; (ii) all costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Class Members and processing claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; (iii) any Fee and Expense Award made by the Court to Class Counsel

under § VIII(a); (iv) any Incentive Award made by the Court to the Class Representatives under § VIII(c); and (v) payments to authorized Claimants as allowed by this Stipulation and to be approved by the Court.

        3.     **Settlement Fund:  Insufficient or Excess Funds**

        a.     If the total amount of eligible claims exceeds the Settlement Fund, then each claim's award shall be proportionately reduced.

        b.     If after all valid claims (plus other authorized fees, costs and expenses) are paid, money remains in the Settlement Fund, the remaining amount shall be used to proportionately increase the recovery of each eligible claim.

        4.     **Delivery of Payments to Settlement Class Members**

        a.     The Class Action Administrator shall send a letter to any applicable Settlement Class Member explaining the rejection of any claim no later than fifteen (15) days after the Effective Date.  Settlement Class Members' time to appeal any such rejection decisions shall expire forty-five (45) days after the Effective Date.

        b.     The Class Action Administrator will send payment directly to the eligible Settlement Class Member no later than ninety (90) days after the Effective Date (the "Claims Payment Date").

        c.     Failure to provide all information requested in the Claim Form will not result in nonpayment of a claim.  Instead, the Class Action Settlement Administrator will take all adequate and customary steps to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted, the amount of money available to pay all valid claims, and such other reasonably available information from which eligibility for payment can be determined.

        5.     **Claim Form Availability**

        The Claim Form will be available for downloading and may be completed and submitted online at the Settlement Website, and the Claim Form will be available for downloading on Class Counsel's websites, at Class Counsel's option.  The Claim Form may also be requested by calling the

toll-free number provided by the Class Action Settlement Administrator or by writing to the Class Action Settlement Administrator.

    6.  **Eligibility for Cash Payment**

      a.  To be eligible for a cash payment, the Settlement Class Member must timely submit a signed and completed Claim Form containing his or her name and mailing address. The Claim Form will also request an e-mail address for the Settlement Class Member, but an e-mail address will not be required to be eligible for a cash payment.  The Settlement Administrator may pay claims that are otherwise valid but untimely filed if there is sufficient money to pay all valid and timely claims in full plus untimely but otherwise valid claims from the Settlement Fund, and payment of any such untimely but valid claims is administratively feasible and otherwise reasonable, taking into account the need to timely pay claims.  The determination of the Class Action Settlement Administrator, after consultation with Class Counsel and Defendant's Counsel, concerning the eligibility and amount of payment shall be final.  In the event a Settlement Class Member disagrees with such a determination, the Class Action Settlement Administrator agrees to reconsider such determination, which includes consultation with Class Counsel.

      b.  To be eligible, Claim Forms must be postmarked or submitted online no later than eight (8) days before the Settlement Hearing (the "Claims Deadline").

    7.  **Funding the Settlement Fund**

      a.  Subject to § IV.A.2, above, Defendant shall fund the Settlement Fund no later than seven (7) days after the Effective Date.

  B.  **Other Relief**

      a.  By the later of (i) 120 days following the Effective Date or (ii) December 31, 2014 ("the Injunctive Relief Effective Date"), Kashi agrees to modify its current labeling and advertising to remove "All Natural" and  "Nothing Artificial" from those Products that contain the following Challenged Ingredients:  (i) pyridoxine hydrochloride, calcium pantothenate and/or hexane-processed soy ingredients in products labeled "All Natural," and (ii) pyridoxine

hydrochloride, alpha-tocopheral acetate and/or hexane-processed soy ingredients in products labeled "Nothing Artificial," unless the ingredients are approved or determined as acceptable for products identified as "natural" by a federal agency or controlling regulatory body.  Sales of products manufactured prior to the Injunctive Relief Effective Date shall not constitute a violation of this Stipulation.  The injunctive terms and requirements of this Paragraph shall expire three years after the Effective Date.

V.    NOTICE TO THE CLASS, COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS AND REDEMPTION OF SETTLEMENT RELIEF

A.    **Class Notice**

The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), model class notices of the Federal Judicial Center and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.  Collectively, the Class Notice shall set forth the following information

1.    General Terms.  The Class Notice shall:

a.    inform Settlement Class Members that, if they do not exclude themselves from the Class, they may be eligible to receive the relief under the proposed settlement;

b.    contain a short, plain statement of the background of the Litigation, the Class certification and the proposed settlement;

c.    describe the proposed settlement relief outlined in this Stipulation;

d.    explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding; and

e.    state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement.

2.    Notice of Exclusion, Objection and Other Rights.  The Class Notice shall inform Settlement Class Members:

a.      that they may exclude themselves from the Class by submitting a written exclusion request postmarked no later than eight (8) days before the date the Court sets for the Settlement Hearing;

b.      that any Settlement Class Member who has not submitted a written request for exclusion may, if he or she desires, object to the proposed settlement by filing and serving a written statement of objections along with proof of membership in the Class no later than thirty (30) days before the date the Court sets for the Settlement Hearing;

c.      that any Settlement Class Member who has filed and served written objections to the proposed settlement may, if he or she so requests, enter an appearance at the Settlement Hearing either personally or through counsel;

d.      that any Judgment entered in the Litigation, whether favorable or unfavorable to the Class, shall include, and be binding on, all Settlement Class Members who have not been excluded from the Class, even if they have objected to the proposed settlement and even if they have any other claim, lawsuit or proceeding pending against Defendant;

e.      that any Settlement Class Member who has not submitted a timely written request for exclusion may submit a completed and signed Claim Form seeking a cash payment under this settlement that must be postmarked or electronically submitted no later than eight (8) days before the date the Court sets for the Settlement Hearing; and

f.      of the terms of the release.

3.      No later than seven (7) days after the Court enters the Preliminary Approval Order, the Class Notice shall be posted on the Settlement Website and, at their option, on the websites of Class Counsel.  The Class Notice shall also be sent via electronic mail or regular mail to those Class Members who so request.

B.      **Publication Notice Deadline**

No later than fifty (50) days after the Court enters the Preliminary Approval Order, the Class Action Settlement Administrator will cause to be published in accordance with the media plan, attached as Exhibit G, the Publication Notice, a copy of which is attached as Exhibit D.

C.   **Retention of Class Action Settlement Administrator**

Subject to Court approval, The Garden City Group, Inc. shall be retained as the Class Action Settlement Administrator to help implement the terms of the proposed Stipulation.  All costs associated with the Class Action Settlement Administrator, including costs of providing notice to the Class Members and processing claims, shall be paid out of the Settlement Fund.  Any reasonable costs associated with the Class Action Settlement Administrator incurred and paid prior to the funding of the Settlement Fund will be paid by Kashi, but upon the occurrence of the Effective Date and the triggering of the payments required by Paragraph IV.A above, any such payments will reduce the amount Kashi is obligated to pay to establish the Settlement Fund.

1.   The Class Action Settlement Administrator(s) shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Class Notice, Claim Forms to Settlement Class Members, and the statement pursuant to § V.A.4, (b) arranging for publication of the Publication Notice, (c) handling returned mail not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Class Notice Packages returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Stipulation, (f) answering written inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion to the settlement, (h) establishing the Settlement Website that posts notices, Claim Forms and other related documents, (i) receiving and processing claims and distributing payments to Settlement Class Members, and (j) otherwise assisting with administration of the Stipulation.

2.   The contract with the Class Action Settlement Administrator shall obligate the Class Action Settlement Administrator to abide by the following performance standards:

              a.        The Class Action Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Stipulation in communications with Settlement Class Members;

              b.        The Class Action Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendant and/or Defendant's Counsel.

VI.     APPROVAL PROCEDURES AND RELATED PROVISIONS

     A.     **Preliminary Approval and Settlement Hearing**

     Promptly after execution of this Stipulation, the Parties shall submit this Stipulation to the Court and shall jointly apply for entry of a Preliminary Approval Order preliminarily approving this Stipulation, providing for the dissemination of the Class Notice, and scheduling a Settlement Hearing.

     B.     **Requests for Exclusion**

     1.     Any potential Settlement Class Member who wishes to be excluded from the Class must mail or deliver a written request for exclusion to the Clerk of the Court, care of the address provided in the Class Notice, postmarked or delivered no later than eight (8) days before the Settlement Hearing, or as the Court otherwise may direct.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member and include a statement indicating that the requester is a member of the Settlement Class.  A list reflecting all requests for exclusion shall be filed with the Court by Plaintiffs at or before the Settlement Hearing.

     2.     Any potential Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding § VI.B.1 shall be bound by all subsequent proceedings, orders and the Judgment in this Litigation relating to this Stipulation, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the Released Claims.

VII.    RELEASES

        As of the Effective Date, Plaintiffs and each Settlement Class Member who has not validly

excluded himself or herself from the Settlement Class pursuant to §VI.B of this Stipulation, and each

of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners,

successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

Claims against the Released Persons.  In connection with the Released Claims, each Settlement Class

Member shall be deemed as of the Effective Date to have waived any and all provisions, rights, and

benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine

similar, comparable, or equivalent to California Civil Code § 1542, which reads as follows:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

VIII.   CLASS COUNSEL'S ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS
        REPRESENTATIVE INCENTIVE AWARDS

        A.      The parties agree that Class Counsel may apply for an award of attorneys' fees and

reasonable, actual out-of-pocket expenses from the Settlement Fund not to exceed $1,250,000 ("Fee

and Expense Award").  Subject to the terms and conditions of this Stipulation and any order of the

Court, the Fee and Expense Award awarded by the Court to Class Counsel shall be paid out of the

Settlement Fund within ten (10) days after the Effective Date.  Such payment will be in lieu of any

statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover from

Kashi.

        B.      Class Counsel shall allocate and distribute the Court's Fee and Expense Award among

Plaintiffs' Counsel.  Kashi shall have no liability or other responsibility for allocation of any such Fee

and Expense Award awarded, and, in the event that any dispute arises relating to the allocation of

fees, Class Counsel agree to hold Kashi harmless from any and all such liabilities, costs, and expenses of such dispute.

C.      Class Counsel may ask the Court for the award of an Incentive Award from the Settlement Fund to each of the class representatives of $4,000.  Any Incentive Awards approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

IX.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

A.      The Effective Date of this Stipulation shall be the first date after which all of the following events and conditions have been met or have occurred:

1.      The Court has preliminarily approved this Stipulation and entered the Preliminary Approval Order;

2.      The Court has entered the Final Judgment; and

3.      Unless the Parties otherwise agree in writing to waive all or any portion of the following provision, there has occurred:  (i) in the event there is a properly and timely filed objection to entry of the Final Judgment, the expiration (without the filing or noticing of an appeal) of the time to appeal from the Final Judgment; (ii) the final dismissal of all appeals from the Final Judgment; (iii) affirmance on appeal of the Final Judgment in substantial form; (iv) if a ruling or decision is entered by an appellate court with respect to affirmance of the Final Judgment, the time to petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to such ruling or decision has expired; or (v) if a petition for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review with respect to the Final Judgment is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Judgment in substantial form.

B.      If all of the conditions specified in § IX.A of this Stipulation are not met, then this Stipulation shall be canceled and terminated unless Class Counsel and Defendant mutually agree in writing to proceed with this Stipulation.

C.    In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this entire Stipulation shall become null and void.

D.    In the event that this Stipulation is not approved by the Court or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, any reasonable costs associated with the Class Action Settlement Administrator incurred prior to that time will be paid by Kashi.

X.    MISCELLANEOUS PROVISIONS

A.    The Parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Stipulation and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation and any other steps and efforts which may become necessary by order of the Court or otherwise.

B.    The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients.

C.    This Stipulation contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings between them.  Except for § I, all terms of this Stipulation are contractual and not mere recitals and shall be construed as if drafted by all Parties. The presumption found in California Civil Code section 1654 (and equivalent, comparable or analogous provisions of the laws of the United States of America or any state or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist hereby is waived by all Parties.

D.    The terms of this Stipulation are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class Member.

E.      Whenever this Stipulation requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile, email and/or next day (excluding Sunday) express delivery service as follows:

1.      If to Plaintiffs, then to:

Joseph N. Kravec, Jr.                   Nadeem Faruqi
Wyatt A. Lison                          Antonio Vozzolo
Feinstein Doyle Payne &                 Andrea Clisura
Kravec, LLC                             Faruqi & Faruqi, LLP
429 Forbes Avenue                       369 Lexington Avenue
Allegheny Building, 17th Floor          10th Floor
Pittsburgh, PA  15219                   New York, NY  10017
Telephone:  (412) 281-8400              Telephone:  (212) 983-9330

2.      If to Defendant, then to:

Dean N. Panos
dpanos@jenner.com
Jenner & Block LLP
353 North Clark Street
Chicago, IL  60654-3456
Telephone:  (312) 923-2765
Facsimile:   (312) 840-7765

F.      The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendant's Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

G.      All time periods set forth herein shall be computed in business days if seven days or less and calendar days if eight days or more unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day in which weather or other

conditions have made the Office of the Clerk or the Court inaccessible, in which event the period

shall run until the end of the next day as not one of the aforementioned days.  As used in this

subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday,

Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans'

Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or

the Congress of the United States.

       H.     The Parties, their successors and assigns, and their attorneys undertake to implement

the terms of this Stipulation in good faith and to use good faith in resolving any disputes that may

arise in the implementation of the terms of this Stipulation.

       I.      This Stipulation may be amended or modified only by a written instrument signed by

Class Counsel and any of Defendant's Counsel.  Amendments and modifications may be made

without additional notice to the Settlement Class Members unless such notice is required by the

Court.

       J.      The exhibits to this Stipulation are an integral part of the Settlement and are hereby

incorporated and made a part of this Stipulation.

       K.     Neither this Stipulation nor the settlement, nor any act performed or document

executed pursuant to or in furtherance of this Stipulation or the settlement:  (i) is or may be deemed

to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any

wrongdoing or liability of Defendant, or of the propriety of Class Counsel maintaining the Litigation

as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of,

any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal, except that Defendant may file this Stipulation or the

Judgment in any action that may be brought against any Released Person in order to support a

defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith

settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or

similar defense or counterclaim.

1    L.    The Court shall retain jurisdiction with respect to the implementation and enforcement

2  of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for

3  purposes of implementing and enforcing the settlement embodied in this Stipulation.

4    M.    This Stipulation shall be deemed to have been executed upon the last date of execution

5  by all of the undersigned.

6    N.    This Stipulation may be executed in counterparts, each of which shall constitute an

7  original.

8    IN WITNESS THEREOF, the Parties hereto have caused this Stipulation to be executed by

9  their duly authorized representatives.

10

11 **FOR PLAINTIFFS**

12 Dated:  May 2, 2014                    FEINSTEIN DOYLE PAYNE & KRAVEC, LLC

13                                        By:   /s/ Joseph N. Kravec, Jr.

14                                        Joseph N. Kravec, Jr.
15                                        Wyatt A. Lison
                                          Feinstein Doyle Payne & Kravec, LLC
16                                        429 Forbes Avenue
                                          Allegheny Building, 17th Floor
17                                        Pittsburgh, PA  15219
                                          Telephone:  (412) 281-8400

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 2, 2014                    FARUQI & FARUQI, LLP

By:   _/s/ Antonio Vozzolo_____

        Nadeem Faruqi
        Antonio Vozzolo
        Andrea Clisura
        Faruqi & Faruqi, LLP
        369 Lexington Avenue, 10th Floor
        New York, NY  10017
        Telephone:  (212) 983-9330

1

**FOR DEFENDANT**

2

Dated:  May 2, 2014                               JENNER & BLOCK LLP

3

                                            By:   __/s/ Dean N. Panos_____

4

                                                  DEAN N. PANOS

5

                                                  353 North Clark Street

6

                                                  Chicago, IL  60654-3456
                                                  Telephone:  (312) 923-2765

7

                                                  Facsimile:   (312) 840-7765
                                                  dpanos@jenner.com

8

                                                  Kenneth K. Lee (Cal. Bar No. 264296)

9

                                                  Kate T. Spelman (Cal. Bar No. 269109)
                                                  JENNER & BLOCK LLP

10

                                                  633 West 5th Street, Suite 3600
                                                  Los Angeles, CA 90071

11

                                                  Telephone:  (213) 239-5100
                                                  Facsimile:   (213) 239-5199

12

                                                  Email:  klee@jenner.com

13

                                                          kspelman@jenner.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28